

| | | |
|---|---|---|
| **Jenny Permaul/NYED/02/USCOURTS** | To | Katherine Snuffer/DCD/DC/USCOURTS |
| | cc | |
| 02/12/2007 11:02 AM | bcc | |
| | Subject | Transfer of EDNY Case #: 06-cv-3086 (ENV) for MDL 1796: In Re: Dept. of Veterans Affairs Data Theft Litigation |

*Pursuant to the Judicial Panel on Multi District Litigation's Conditional Transfer Order of 11/3/06 , we are transferring to your District the following case.*

**1:06-cv-3086( ENV )( JMA ) Michael Rosato, et al vs R. James Nicholson, et al Your Case number**

*Attached please find the Transfer Order, Docket Sheet and Complaint regarding this matter.*

  

06-3086 Docket Sheet.pdf    06-3086 Transfer Order.pdf    06-3086 Complaint.pdf

*You may access our electronic case file at the following web address: https://ecf.nyed.uscourts.gov/cgi-bin/pubterm.pl*

*Please acknowledge receipt of this e-mail. I f you have any questions , I can be reached at 718 613-2614.*

*Thank you*

Jenny Permaul

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

MICHAEL ROSATO, MURRY B. MOSKOWITZ,      )
and BRUCE OUELLETTE, on their own behalf and  )
on behalf of all others similarly situated,    )        CIVIL ACTION NO.
                                          )        CV 06 3086
                  Plaintiffs,             )
                                          )
          v.                              )        COMPLAINT
                                          )
                                          )
R. JAMES NICHOLSON, in his Official Capacity  )
  as Secretary of Veterans Affairs,       )
810 Vermont Avenue, NW,                    )
Washington, DC  20420, and                )        JURY TRIAL DEMANDED
                                          )        VITALIANO, J.
                                          )
UNITED STATES DEPARTMENT OF                )
VETERANS AFFAIRS,                          )        AZRACK, J.
810 Vermont Avenue, NW,                    )
Washington, DC 20420,                      )
                                          )
                  Defendants.              )
_____   )
                                          )

COME NOW PLAINTIFFS, Michael Rosato, Murry B. Moskowitz and Bruce Ouellette,

and in support of their Complaint herein allege as follows:

## NATURE OF THE ACTION

1.        This is a class action for declaratory and injunctive relief and money damages for

the violations of the Administrative Procedures Act and the Privacy Act of 1974 and the Fourth

and Fifth Amendments to the United States Constitution under the authority of *Bivens v. Six*

*Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiffs

represent approximately 26.5 million individuals who are both veterans and active service

members of the Armed Services of the United States who have suffered emotional trauma, have

been placed in fear of identity theft, destruction of credit and financial fraud, and who have had

their private and personal health care information compromised because of Defendants'

intentional, willful and reckless disregard for the security and privacy of these citizens' basic personal information.

2.     Defendant Nicholson failed to properly perform the duties of his position as Secretary of Veterans Affairs ("Secretary") and did not protect the privacy rights of Plaintiffs and the other class members and failed to institute and enforce procedures mandated by law for the protection of veterans' and service members' private and personal information.

3.     Defendant United States Department of Veterans Affairs ("Department" or "VA") also did not assure that class members' privacy rights were protected, failed to institute and enforce procedures mandated by law for the protection of veterans' and service members' private and personal information, and flagrantly disregarded the privacy rights of virtually all armed service members by illegally maintaining a database of personal information unrelated to claims for benefits and by requiring that veterans' and service members' records be maintained and accessed through their individual, private and personal social security numbers or other identifiers that were required by law to be kept confidential.

4.     Defendants compounded their disregard for veterans' and service members' privacy rights by recklessly failing to make even the most rudimentary effort to safeguard this trove of personally identifiable information from unauthorized disclosure.  In fact, the information was unencrypted, easily copied, and, apparently, available to anyone aware of its existence.  Defendants' failures, despite repeated calls for correction of these long-standing, fundamental security deficiencies, allowed millions of citizens' private information to be compromised and disclosed to unknown individuals for unknown purposes.

5.     Defendants improperly, unlawfully, willfully and intentionally disclosed the private and personal information of Plaintiffs and the Class in at least three ways: (1) through

2

VA employees' improper access and removal of data files containing the private personal information of 26.5 million veterans and active service members from the VA; (2) through the transfer by VA personnel of the data to external and unprotected disks and/or computers; and (3) through the alleged theft of these disks and/or computers by a third party or parties, whose identity may never be known.

6.      The result of Defendants' reckless disregard of the privacy rights of the Class was the largest unauthorized disclosure of Social Security numbers, addresses, telephone numbers and health information in history.

7.      Defendants' actions and inactions have inflicted serious harm and will continue to inflict real costs and emotional pain and suffering on Plaintiffs and every other living veteran and their families whose identities and other personal and private information have been compromised.

8.      Defendants' willful and intentional failure to establish and enforce appropriate safeguards to ensure the security and privacy of veteran records and to protect against any known or anticipated threats or hazards to the security and integrity of these records is in violation of 5 U.S.C. § 552a(e)(10) and other laws. Furthermore, subsequent to learning of the foregoing unauthorized disclosures, Defendants were deliberately indifferent in failing to take reasonable corrective action, including but not limited to, providing prompt and accurate notification of the disclosures to law enforcement and the affected veterans despite knowledge of the substantial risk of serious harm to the personal and financial security of the affected veterans as result of the disclosures.

## JURISDICTION AND VENUE

9.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 because this is a civil action arising under the laws of the United States.  Jurisdiction is also invoked pursuant to 5 U.S.C. §§ 552a(g)(5) because this is a civil action to enforce a liability created under 5 U.S.C. § 552a after September 27, 1975.

10.    Venue is appropriate pursuant to 5 U.S.C. § 552a(g)(5) and 28 U.S.C. § 1391(e).

11.    Plaintiff Michael Rosato is a veteran of the United States Armed Services honorably discharged from service.  He is a resident of Suffolk County, New York.

12.    Plaintiff Murry B. Moskowitz is a veteran of the United States Armed Services honorably discharged from service.  He is a resident of Fairfax County, Virginia.

13.    Plaintiff Bruce Ouellette is a disabled Vietnam combat veteran and a current resident of Yavapai County, Arizona.

14.    Defendant R. James Nicholson is the Secretary of Veterans Affairs and is the official responsible for the proper execution and administration of all laws administered by the Department and for the control, direction, and management of the Department.

15.    Defendant VA is an executive department of the federal government and is, therefore, an "agency" for purposes of the Privacy Act of 1974.

## STATEMENT OF FACTS

16.    Upon information and belief, VA employees were able to easily access computer files containing private Personal Information of millions of veterans and copy the files from the VA's system onto external disks and their personal computers.  Upon further information and belief, VA employees had, in fact, been removing the data from the VA facility for a period of three years in a practice expressly or implicitly ratified by the VA.  VA employees' access to and

4

duplication of this information was a disclosure in violation of 5 U.S.C. 552a(b) and the result of Defendants' willful and intentional failure to establish appropriate safeguards to ensure the security and confidentiality of veteran records and to protect against any anticipated threats or hazards to the security and integrity of these records in violation of 5 U.S.C. § 552a(e)(10).

17.     On May 3, 2006, a laptop computer and external data storage device or devices were reportedly stolen from the Aspen Hill, Maryland home of John Doe, a VA employee. The laptop computer and data storage device or devices contained a copy of a collection or grouping of information pertaining to approximately 26.5 million persons (the "Personal Information"), including military veterans and approximately 2.2 million current active service members and their spouses (or nearly 80 percent of the active duty force). The Personal Information contained individual identifying information including, but not limited to, names, addresses, phone numbers, social security numbers, dates of birth and health information. In addition, at least three hundred of the records contained disability information and information related to possible exposure to biological and chemical agents. None of the information was encrypted or similarly protected.

18.     Upon information and belief, John Doe had removed the VA files containing the private personal information of 26.5 million veterans from the VA facility and taken it to his home shortly before the theft described in the prior paragraph. John Doe then copied the files onto his computer and/or external disks for an unspecified purpose. John Doe's computer and/or disks were allegedly stolen during a burglary of his home. Upon information and belief, these items have not been recovered as of the date of the filing of this Complaint. They were not encrypted or password protected and are easily accessed and duplicated.

19.     John Doe reported the Personal Information theft to one or more VA officials. These VA officials were aware of the unlawful disclosure of the Personal Information soon after the occurrence, yet these VA officials willfully and intentionally decided to conceal the disclosure and did not report the incident to other VA officials, federal law enforcement, or inform the individuals whose Personal Information had been disclosed without authorization. These failures exhibit Defendants' reckless disregard for Plaintiffs' privacy rights, intentional and willful violations of the Privacy Act, and were otherwise not in accordance with law.

20.     No VA official charged with protecting the Personal Information pursuant to the Privacy Act and who knew of the unauthorized disclosure informed Defendant VA's Inspector General George Opfer of the disclosure.  The Inspector General only learned of the incident through an offhand remark on May 10, 2006.  Then, the Inspector General further demonstrated VA's reckless disregard for the privacy rights of Plaintiffs and the Class and an intentional and willful disregard for Privacy Act requirements by failing to interview the employee in question until May 15, 2006, five days later.

21.     Defendant Nicholson was informed of the patently unlawful disclosure on May 16, 2006, and the Federal Bureau of Investigation ("FBI") was contacted on May 17, 2006. Defendant Nicholson did not publicly inform Plaintiffs or any other individuals of VA's patently unlawful disclosure of the Personal Information until May 22, 2006, 19 days after the reported theft.

22.     Defendants' actions and inactions in failing to report the unauthorized disclosure of the Personal Information were arbitrary, capricious and without observance of procedures required by law.

23. Defendant VA has been repeatedly informed of recurring, systemic, and fundamental deficiencies in its information security, but failed to effectively respond. VA's own Inspector General has for years criticized the Department for lax information security. Despite the repeated identification of problems, VA has been unable or unwilling to properly secure the personal information under its control. These repeated failures to correct known vulnerabilities of VA's safeguards for Plaintiffs' and class members' Personal Information demonstrated a reckless disregard for privacy rights and intentional or willful violations of the Privacy Act.

24. VA flagrantly disregarded the privacy of Plaintiffs and the Class and caused them adverse effects by failing to observe the procedures required by law for disclosure of private information, including the Personal Information, without the prior written consent of the affected individuals.

25. VA flagrantly disregarded the privacy of Plaintiffs and the Class and caused them adverse effects by disclosing, or allowing disclosure of, the Personal Information to officials and employees who did not have a need for such records and information in the performance of their duties.

26. VA flagrantly disregarded the privacy of Plaintiffs and the Class and caused them adverse effects by failing to keep or maintain an accurate accounting of the disclosures of the Personal Information.

27. VA also flagrantly disregarded the privacy of Plaintiffs and the Class and caused them adverse effects by assembling and maintaining the Personal Information in a system of records although the information was not relevant and necessary to accomplish a purpose required by statute or by executive order of the President.

7

28. Defendants knew or should have known that their computer security practices were not in compliance with 5 U.S.C. § 552a as well as other federal laws relating to information security. In 2003, a study conducted by the General Accounting Office ("GAO") gave the VA a failing grade for its computer security practices. In March 2006, the United States House of Representative's Committee on Government Reform gave the VA an "F" in its annual report card relating to information security. Despite this ample and specific notice of noncompliance and the potential adverse effect of random and unauthorized disclosures of Personal Information, Defendants failed to establish appropriate safeguards to ensure the security and confidentiality of veteran records and to protect against any anticipated threats or hazards to the security and integrity of these records in violation of 5 U.S.C. § 552a(e)(10).

29. An Associated Press article published on June 14, 2006, concerning that day's testimony in Congressional hearings on the compromise of privacy laws at the VA, reported:

> In testimony to Congress, the Government Accountability Office and Veterans inspector general detailed ignored warnings, weak management and lax rules in their review of VA information security following the theft of 26.5 million military personnel's private data last month.

> They found that the Veterans Affairs Department routinely failed to control and monitor employee access to private information, did not restrict users to "need-to-know" data and often waited too long to terminate accounts when an employee quit or was fired.

> The investigators also said the VA lacked a clear chain of command in enforcing security, noting the agency will need dramatically stronger leadership under VA Secretary Jim Nicholson to force reform after five years of repeated warnings about security.

> "Much work remains to be done," Linda Koontz, a director on information management at GAO, told the House Veterans Affairs Committee. "Only through strong leadership, sustained management commitment and effort, disciplined processes, and consistent oversight can VA address its persistent, long-standing control weaknesses."

30. The testimony of June 14 made clear, according to the foregoing article, that:

government investigators said the problem was long-standing and much more widespread. They pointed to repeated occasions in the last year in which VA employees passed along veterans' medical information via unencrypted e-mail or were allowed to freely log into the VA secure network in their off-duty hours or even after they've been terminated.

In other instances, files were not adequately segregated or password-protected, making it easy for hackers to access the sensitive information.

31. Finally, the article underscored the fact that the defendants were aware of their

privacy laws deficiencies for a very long time.

When the VA was told of problems over the years, often it would make spotty improvements but fail to address reform agency-wide. The agency also has yet to put in place a security response program to monitor suspicious log-on activity, said Michael Staley, an assistant VA inspector general, in testimony.

"These conditions place sensitive information, including financial data and sensitive veteran medical and benefit information, at risk, possibly without detection of inadvertent or deliberate misuse, fraudulent use, improper disclosure or destruction," Staley said.

32. The unauthorized and unconsented disclosure of an individual's name, address,

date of birth, health and/or disability status and Social Security number creates a substantial risk

of identity theft and an invasion of privacy. An individual's Social Security number is the most

useful identifier for retrieving information from public record databases, financial institutions

and credit bureaus. Armed with an individual's name, address, date of birth and Social Security

number, an identity thief is able to quickly and easily steal an identity, whereas, without such

information, the task is difficult, time consuming and costly. Moreover, the unauthorized

disclosure of an individual's health or disability status invades the privacy of information

protected under law.

9

33.     Recent nationwide studies confirm that, on average, victims of identity theft spend hundreds of hours in personal time and hundreds of dollars in personal funds to resolve their credit issues. *See* www.idtheftcenter.org; www.ftc.org.

34.     Defendants' unauthorized and unconsented disclosures of private Personal Information and the imminent and substantial risk of identity theft to which the Class has been exposed is the direct result of Defendants' failure to: (1) establish appropriate administrative, technical and physical safeguards to ensure the security and confidentiality of records; (2) to protect against any anticipated threats or hazards to the security and integrity of these records; and (3) to promptly take reasonable measures to correct the disclosures, including but not limited to, providing law enforcement and the affected veterans with prompt and accurate notice of the disclosures, and free ongoing monitoring of class members' health and financial reports.

35.     As a direct and proximate result of Defendants' acts and omissions, the Class has been exposed to a risk of substantial harm and inconvenience, and has incurred actual damages in purchasing comprehensive credit reports and/or monitoring of their identity and credit. Furthermore, their individual privacy has been invaded through the disclosure of their private and personal health information.

36.     Defendant Nicholson was ultimately responsible for control, direction, and management of VA's processes, policies, and procedures for compliance with the Privacy Act of 1974 and other privacy laws, rules and regulations, but failed to ensure those processes, policies, and procedures were adequately implemented by his subordinates. Defendant Nicholson knew, or should have known, that VA had long-standing information security deficiencies that threatened the privacy rights of Plaintiffs and the Class, but did not ensure correction or mitigation of those deficiencies.

10

37.     Defendant Nicholson flagrantly disregarded the privacy rights of Plaintiffs and the Class and caused them adverse effects by failing to establish and ensure lawful compliance by his subordinates with appropriate administrative, technical, and physical safeguards to insure the security and confidentiality of records and to protect against anticipated threats or hazards to the records security or integrity, which could result in substantial harm, embarrassment, inconvenience, or unfairness to any individual on whom information was maintained.

38.     Each of Defendants' failures complained of caused adverse effects to the Class including, but not limited to, embarrassment, inconvenience, unfairness, mental distress, emotional trauma, pecuniary damages and the threat of current and future substantial harm from identity theft. In testimony to Congress on or about June 12, 2006, Defendant Nicholson said that although he remained hopeful that the theft from the VA employee in Maryland was random, he and the VA could not count on the fact that no use of the stolen data was or would be made by unauthorized persons.

39.     The real threat of identity theft and similar adverse effects of VA's illegal actions and Privacy Act violations requires affirmative actions by the Class to recover peace of mind, emotional stability, and personal security including, but not limited to, frequently obtaining and reviewing credit reports, bank statements, and other similar information, obtaining credit watch services, and closing financial accounts. The Class has, and will continue to, suffer tangible and intangible damages for the foreseeable future.

40.     In Congressional hearings held after the disclosure of the Personal Information discussed herein, Representative Henry Waxman of California berated defendant Nicholson for his conduct and malfeasance:

11

"Secretary Nicholson, you blame this on an employee who was fired, on a culture, on people doing what they're not supposed to be doing. That doesn't sound like we're getting to the heart of this with passing the buck."

## CLASS ACTION ALLEGATIONS

41.     This action is maintainable as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(1)-(3).

42.     The Class consists of all persons who have been adversely effected by Defendants' violations of the privacy of class members' personal and private identifying information.

43.     This action is properly maintainable as a class action for the following reasons:

a.     The Class is so numerous that joinder of all members is impractible. The class size is approximately 26,500,000, which is the number of individuals whose information Defendants admit was collected and maintained in the missing system of records.

b.     Joinder of class members' individual actions is impractical because of the geographical diversity of class members, the limited ability of individual class members to institute separate suits, and the general nature of the underlying action and relief sought.

c.     Plaintiffs are committed to the vigorous prosecution of this action and have retained counsel qualified and experienced to represent the Class and familiar with class litigation. Plaintiffs' claims are typical of the claims of other members of the Class and plaintiffs have no interest that are adverse or antagonistic to the interests of the Class. Plaintiffs are military veterans listed in one or more VA system of records who have had their personal information improperly maintained and disclosed by Defendants.

d.     The representative Plaintiffs will fairly and adequately protect the interests of the Class.

12

e. There are substantial questions of fact and law common to all class members. The issues raised include whether Defendants acted or failed to act commensurate with their duties to protect the personal, private and confidential information of Plaintiffs and class members, whether such conduct violated the privacy and other laws, whether said violations were willful, wanton and/or reckless and whether such conduct gives rise to the various forms of relief requested and/or damages. The foregoing issues are common to all class members. Similarly, the relief Plaintiffs seek is dominated by equitable remedies. The facts, circumstances, and merits of the case, therefore, apply equally to all class members.

f. Defendants have acted and refused to act on grounds generally applicable to the Class, making appropriate final injunctive and declaratory relief with respect to the Class as a whole.

g. The prosecution of separate actions by individual class members would create a risk of inconsistent results that could establish incompatible standards of conduct for Defendants.

h. Defendants' liability for damages can be established by facts and circumstances common to the Class as a whole and do not require the examination of Plaintiffs' individual circumstances.

i. Questions of law and fact common to members of the Class predominate over any questions affecting only individual members.

j. A class action is superior in this case to other methods for a fair and efficient adjudication of the controversy because the common interests of the class members predominate over any individual interest in controlling prosecution or control of separate actions and because concentrating the litigation in this Court is appropriate to ensure appropriate,

13

consistent, and efficient resolution of the legal and constitutional issues raised in the district where the offending conduct occurred, continues to occur, and could occur in the future.

## FIRST CLAIM FOR RELIEF

44.     Plaintiffs reassert the allegations set forth in Paragraphs 1 through 43 above and incorporate them by reference into this First Claim for Relief.

45.     Defendant VA possesses personal information of Plaintiffs and millions of other veterans and active service members.  VA has repeatedly demonstrated an inability or unwillingness to implement, or callous disregard for, fundamental procedures to provide minimally acceptable safeguards for the personal and private information in its possession.

46.     Defendant Nicholson is ultimately responsible in his official capacity for safeguarding citizen's private information under VA control pursuant to applicable laws, including the Privacy Act of 1974 and the Administrative Procedures Act, but has been unable or unwilling to require compliance with those laws.

47.     Defendants' actions and inactions in failing to safeguard Plaintiffs' private information were arbitrary, capricious, and otherwise not in accordance with law.

48.     Plaintiffs suffered, and continue to suffer, harm as a result of Defendants' actions and from actions improperly withheld or unreasonably delayed.

49.     The Class is entitled to monetary and equitable relief for Defendants' violation of plaintiffs' rights pursuant to the Administrative Procedures Act.

50.     The foregoing acts and omissions of Defendant VA constitute an unauthorized, nonconsensual, and inappropriate disclosure of Social Security numbers and private health information of the Class in violation of 5 U.S.C. § 552a(b).

## SECOND CLAIM FOR RELIEF

51.    Plaintiffs repeat and reaffirm the assertions of fact contained in paragraphs 1 through 50 hereinabove.

52.    The foregoing acts and omissions of Defendant VA constitute a willful and intentional failure to establish appropriate safeguards to ensure the security and privacy of veteran records and to protect against known and anticipated threats or hazards to the security and integrity of the private personal records of the Class in violation of 5 U.S.C. § 552a(e)(10).

## THIRD CLAIM FOR RELIEF

53.    Plaintiffs repeat and reaffirm the assertions of fact contained in paragraphs 1 through 52 hereinabove.

54.    The foregoing acts and omissions of Defendants constitute a violation of the right to privacy and personal security of the Class in their Social Security numbers and private health information under the Fourth and Fifth Amendments to the United States Constitution.

## PRAY FOR RELIEF

WHEREFORE, Plaintiffs pray as follows:

a.    For a declaration that Defendants' acts and omissions constitute a willful and intentional failure to establish appropriate safeguards to ensure the security and privacy of veteran and active service member records and to protect against known and anticipated threats or hazards to the security and integrity of these records in violation of 5 U.S.C. § 552a(e)(10) and the Fourth and Fifth Amendments of the United States Constitution.

b.    For preliminary and permanent injunctive relief enjoining, prohibiting and preventing Defendants from continuing to operate without appropriate safeguards to ensure the

15

security and privacy of veteran records and to protect against anticipated threats or hazards to the security and integrity of these records.

        c.      For reparative injunctive relief under *Bivens* requiring Defendants to take necessary measures to safeguard against the serious harm attendant to the improper disclosure/theft of confidential information including an identity and/or credit monitoring program and a preemptive internet search service for the benefit of Plaintiffs and the proposed Class under the Court's supervision;

        d.      That this Court permanently enjoin Defendant VA, its officers, agents, employees, and those acting for and with them, from accessing, viewing, handling, disclosing, or in any way transferring any record or system of records subject to Privacy Act requirements until an independent panel of experts finds that adequate information security has been established and implemented by VA, unless such activity is explicitly allowed by Court order and under supervision of persons independent of VA, such supervision to be at VA expense;

        e.      That this Court enjoin Defendant VA, its officers, agents, employees, and those acting for and with them from removing any device capable of storing, containing, or transferring any record or system of records, including, but not limited to, laptop computers, portable hard drives, memory stick or similar devices, and "iPods" and similar devices, from property under VA's supervision and control until and unless VA demonstrates that adequate information security has been established to the Court's satisfaction.

        f.      That this Court grant to Plaintiffs and the Class judgment against Defendant VA for damages in an amount of $1,000.00 for each individual who was adversely affected by Defendant's Privacy Act violations;

16

g.     That this Court grant to Plaintiffs their costs and reasonable attorneys'

fees; and

h.     That this Court grant such additional relief as the Court deems proper and

just.

Dated: June 21, 2006

WEISS & LURIE

Joseph H. Weiss (JW-4534)
Mark D. Smilow (MS-2809)
Richard A. Acocelli (RA-2029)
Weiss & Lurie
551 Fifth Avenue
New York, NY  10176
Tel:     (212) 682-3025
Fax:     (212) 682-3010

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Michael Rosato, Murry B. Moskowitz, and Bruce Ouellette, on their own behalf and on behalf of all others similarly situated | R. James Nicholson, in his Official Capacity as Secretary of Veterans Affairs and United States Department of Veterans Affairs |

(b) County of Residence of First Listed Plaintiff **Suffolk County**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **District of Columbia**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Mark D. Smilow, Weiss & Lurie, 551 Fifth Avenue, New York, New York 10176 - (212) 682-3025

Attorneys (If Known)
Not known.

FILED
IN CLERK'S OFFICE
★ JUN 21 2006 ★
A ?PACK ?
BROOKLYN OFFICE

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | | | Under Equal Access |
| | Employment | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | | | ☐ 950 Constitutionality of |
| | Other | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | |

**PERSONAL INJURY**
☐ 362 Personal Injury - Med. Malpractice
☐ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability
**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence
**Habeas Corpus:**
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
5 U.S.C. 552a(e)(10)
Brief description of cause:
Violation of Federal Privacy laws.

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE 06/21/2006

SIGNATURE OF ATTORNEY OF RECORD
_Mark Smil_

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE **ENV** MAG. JUDGE **JMA**

3086

## ARBITRATION CERTIFICATION

I, Mark Smilow _____, counsel for plaintiffs _____
_____ do hereby certify pursuant to the Local Arbitration Rule 83.10 that to the best of my knowledge and belief the damages recoverable in the above captioned civil action exceed the sum of $150,000 exclusive of interest and costs.

_____✓_____ Relief other than monetary damages is sought.

## DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks:

_____

Did the cause arise in Nassau or Suffolk County? No ✓ _____

If answered yes, please indicate which county. _____

County of residence of plaintiff(s)    (1) Suffolk County _____
                                       (2) Fairfax County _____
                                       (3) Yavapai County _____

County of residence of defendant(s)    (1) District of Columbia _____
                                        (2) District of Columbia _____
                                        (3) _____

**I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.**

Yes ___✓___                           No _____

**Are you currently the subject of any disciplinary action(s) in this or any other state or federal court?**

Yes _____ (If yes, please explain)     No ___✓___
_____

_____

Please provide your E-MAIL Address and bar code below. Your bar code consists of the initials of your first and last name and the last four digits of your social security number or any other four digit number registered by the attorney with the Clerk of Court.
(This information must be provided pursuant to local rule 11.1(b) of the civil rules).
**ATTORNEY BAR CODE:** MS-2809 _____

**E-MAIL Address:** msmilow@weisslurie.com _____

I consent to the use of electronic filing procedures adopted by the Court in Administrative Order No. 97-12, "In re Electronic Filing Procedures(EFP)", and consent to the electronic service of all papers.

Signature: _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------X
MICHAEL ROSATO, MURRY B. MOSKOWITZ,
and BRUCE OUELLETTE,

                         Plaintiff,

     -against-

R. JAMES NICHOLSON, et al.,

                         Defendants.
-------------------------------X

<u>O R D E R</u>

CV-____ (ENV)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★        JUN 2 3 2006        ★

P.M. _____
TIME A.M. _____

     An initial conference will be held in the above captioned case on October 24, 2006 at 12:45 P.M., before the Honorable Joan M. Azrack, United States Magistrate Judge, in **Room 1210S** at 225 Cadman Plaza East, Brooklyn, New York. In the event the complaint is answered before the above date and you would prefer a conference sooner, of if this case becomes eligible for Arbitration, please contact Magistrate Azrack's chambers at **718-613-2530**. All counsel must be present.

     <u>**Plaintiff's counsel is requested to confirm that all necessary participants are aware of this conference**</u>. No request for adjournment will be considered unless made at least forty-eight (48) hours before the scheduled conference.

     SO ORDERED.

Dated: Brooklyn, New York
       June 22, 2006

                              s/JMA

                    _____
                         JOAN M. AZRACK
                    UNITED STATES MAGISTRATE JUDGE

**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

_____

IN RE VA DATA THEFT LITIGATION   )     MDL Docket No. _____

_____)

**DEFENDANTS DEPARTMENT OF VETERANS AFFAIRS,
SECRETARY OF VETERANS AFFAIRS R. JAMES NICHOLSON,
DEPUTY SECRETARY GORDON G. MANSFIELD, AND VA
EMPLOYEE JOHN DOE'S MOTION FOR TRANSFER
AND COORDINATION PURSUANT TO 28 U.S.C. § 1407**

Defendants Department of Veterans Affairs, Secretary of Veterans Affairs R. James

Nicholson, Deputy Secretary Gordon G. Mansfield, and VA employee John Doe, hereby

respectfully move the Judicial Panel on Multidistrict Litigation, pursuant to 28 U.S.C. § 1407,

for an order transferring and consolidating for pretrial purposes *Vietnam Veterans of America,*

*Inc. v. Nicholson*, No. 1:06-cv-1038-JR, currently pending in the District Court for the District of

Columbia, *Hackett v. United States Department of Veterans Affairs*, Case No. 2:06-cv-114-

WOB, currently pending in the Eastern District of Kentucky, and *Rosato v. Nicholson*,

1:06-cv-03086-ENV-JMA, currently pending in the Eastern District of New York.[1]   Defendants

_____

[1] This motion is made on behalf of Defendants Secretary Nicholson, Deputy Secretary
Mansfield, and VA employee John Doe, in their official capacities only.  Although all three
individual defendants have been named as defendants in the *Hackett* case in both their official
and individual capacities, they have not yet been properly served in their individual capacities.
*See* Fed. R. Civ. P. 4(i)(2)(B).  Plaintiffs in the *Rosato* case have not yet effected service on

recommend that the cases be consolidated in the District for the District of Columbia.  In support

of transfer and coordination of these actions, Defendants aver the following, as set forth more

fully in the accompanying supporting memorandum:

1.      All three of these actions arise from, and seek damages and other relief for, the

theft of data from the home of John Doe, an employee of the Department of Veterans Affairs

("VA").  Accordingly, they "involv[e] one or more common questions of fact."  28 U.S.C.

§ 1407(a).

2.      All three actions assert claims for damages under the Privacy Act, 5 U.S.C.

§ 552a.

3.      All three actions have been brought as putative class actions on behalf of identical

putative classes consisting of all individuals whose personal information was included in the

stolen data.

4.      The proposed transfer and consolidation "will be for the convenience of the

parties and witnesses and will promote the just and efficient conduct of such actions" for

multiple reasons.  *See* 28 U.S.C. § 1407(a).  First, the data theft occurred at the home of John

Doe, a VA employee who worked in Washington, D.C., and lives in suburban Washington, D.C.

(Maryland), and involved data maintained by the VA in Washington, D.C.  Accordingly,

relevant information and witnesses are likely to be found in Washington, D.C., and its vicinity.

Second, the scope of appropriate discovery is likely to arise in all three cases.  Indeed, Plaintiffs'

counsel in two of the cases have separately written to Defendants with respect to Defendants'

---

Defendant Nicholson, the sole named defendant in that case.  Although the instant Motion to
Transfer is filed with respect to all three pending cases, Defendants do not waive proper service
of process.

obligations to preserve evidence.  Defendants should be subject to only one court's supervision

of the discovery process.  Third, as noted above, all three cases are brought on behalf of the same

putative class of Plaintiffs.  Defendants should not be subject to inconsistent class certification

rulings.

5.     For all of these reasons, as well as the reasons set forth in the accompanying

supporting memorandum and exhibits, Defendants respectfully request that the three cases be

consolidated for pretrial proceedings before the District Court for the District of Columbia.

Dated: July 10, 2006.                    Respectfully submitted,

                                         PETER D. KEISLER
                                         Assistant Attorney General

                                         ELIZABETH SHAPIRO
                                         Assistant Branch Director


                                         _____/s/_____
                                         ORI LEV
                                         Senior Trial Counsel
                                         DAVID M. GLASS
                                         Senior Trial Counsel
                                         HEATHER R. PHILLIPS
                                         Trial Attorney
                                         U.S. Department of Justice
                                         Civil Division/Federal Programs Branch
                                         Mail:   P.O. Box 883
                                                 Washington, D.C.  20044
                                         Street: 20 Massachusetts Ave., N.W.
                                                 Room 7330
                                                 Washington, DC  20001
                                         Ph:     (202) 514-2395
                                         Fax:    (202) 318-7589
                                         Email: ori.lev@usdoj.gov

                                         *Attorneys for Defendants Department of Veterans
                                         Affairs, Secretary of Veterans Affairs R. James
                                         Nicholson in his official capacity, Deputy Secretary*

*Gordon G. Mansfield in his official capacity, and Defendant John Doe in his official capacity.*

**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

_____

IN RE VA DATA THEFT LITIGATION      )        MDL Docket No. _____
_____)

**MEMORANDUM IN SUPPORT OF DEFENDANTS
DEPARTMENT OF VETERANS AFFAIRS, SECRETARY OF VETERANS AFFAIRS
R. JAMES NICHOLSON, DEPUTY SECRETARY GORDON G. MANSFIELD, AND VA
EMPLOYEE JOHN DOE'S MOTION FOR TRANSFER AND
COORDINATION PURSUANT TO 28 U.S.C. § 1407**

Pursuant to 28 U.S.C. § 1407 and Rule 7.1(b) of the Rules of Procedure of the Judicial

Panel on Multidistrict Litigation, Defendants Department of Veterans Affairs, Secretary of

Veterans Affairs R. James Nicholson, Deputy Secretary of Veterans Affairs Gordon G.

Mansfield, and VA employee John Doe, seek transfer and pretrial coordination of three lawsuits,

_Vietnam Veterans of America, Inc. v. Nicholson_, No. 1:06-cv-1038-JR (currently pending in the

District Court for the District of Columbia),  _Hackett v. United States Department of Veterans_

_Affairs_, Case No. 2:06-cv-114-WOB (currently pending in the Eastern District of Kentucky), and

_Rosato v. Nicholson_, 1:06-cv-03086-ENV-JMA (currently pending in the Eastern District of

New York), each of which seeks to represent identical putative classes bringing similar claims

1

based on the same factual allegations.[1]  Defendants recommend that the cases be consolidated in

the District for the District of Columbia.  A multidistrict litigation proceeding is warranted

because all of the statutory criteria for transfer and coordination are present.

## BACKGROUND

As has been widely reported in the press, a laptop and external hard drive containing

personal information for approximately 26 million veterans and active duty personnel were

stolen from the home of a VA employee on May 3, 2006.  On June 29, 2006, authorities

announced the recovery of the stolen equipment, and noted that preliminary review revealed that

the data had not been accessed.  See Christopher Lee and Ernesto Londoño, "Stolen VA Laptop

Recovered," June 27, 2006, available at<http://www.washingtonpost.com/wp-dyn/content/article

/2006/06/29/AR2006062900352.html?sub=AR>.

In response to the VA data theft, three putative class action lawsuits have been filed

bringing Privacy Act claims against Defendants.[2]  See Complaint in Vietnam Veterans of

America, Inc. v. Nicholson, No. 1:06-cv-1038-JR (D.D.C.), attached hereto as Exhibit A;

Complaint in Rosato v. Nicholson, 1:06-cv-03086-ENV-JMA (E.D.N.Y.), attached hereto as

---

[1] This motion is made on behalf of Defendants Secretary Nicholson, Deputy Secretary
Mansfield, and VA employee John Doe, in their official capacities only.  Although all three
individual defendants have been named as defendants in the Hackett case in both their official
and individual capacities, they have not yet been properly served in their individual capacities.
See Fed. R. Civ. P. 4(i)(2)(B).  Plaintiffs in the Rosato case have not yet effected service on
Defendant Nicholson, the sole named defendant in that case.  Although the instant Motion to
Transfer is filed with respect to all three pending cases, Defendants do not waive proper service
of process.

[2] An additional fourth putative class action lawsuit was filed in the District for the
District of Columbia, Kennedy v. United States Dep't of Veterans Affairs (06-1070) (D.D.C.);
however, plaintiffs in that case voluntarily dismissed their complaint without prejudice on June
28, 2006.

Exhibit B; Complaint in *Hackett v. United States Department of Veterans Affairs*, Case No. 2:06-cv-114-WOB (E.D.Ky.), attached hereto as Exhibit C. All of the complaints allege that in the May 2006 burglary, computer equipment was stolen from the home of VA employee John Doe. Ex. A ¶ 20; Ex. B ¶ 17; Ex. C ¶ 18. The complaints allege that the computer equipment contained personal information on millions of veterans and active duty personnel, which had been taken by John Doe from the VA headquarters where he worked. Ex. A ¶¶ 20, 27; Ex. B ¶ 17; Ex. C ¶ 18. Likewise, all three complaints allege violations of the Privacy Act. *See, generally,* Exs. A, B, C. Moreover, each lawsuit seeks to represent the same nationwide putative class of people whose information was contained on the equipment that was stolen from John Doe's home. Ex. A ¶¶ 42-44; Ex. B ¶ 43; Ex. C ¶ 27. Thus, there are currently three overlapping class action Privacy Act cases against the VA based on the same underlying conduct. The three cases are pending in three different jurisdictions (D.D.C., E.D. Ky., and E.D.N.Y.) and there is the possibility that additional cases may be filed.

## ARGUMENT

This Panel is authorized under 28 U.S.C. § 1407 to consolidate and transfer "civil actions involving one or more common questions of fact" to any district court for coordinated or consolidated pretrial proceedings upon the Panel's "determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). The purpose of this transfer procedure is to conserve judicial resources and to avoid the delays that are bound to result if all aspects of pretrial proceedings were conducted separately. *See* Moore's Federal Practice - Civil, Chapter 112 Multidistrict Litigation § 112.02. The Panel's statutory mandate is to weigh the

3

interests of all the plaintiffs and all the defendants, and to consider multidistrict litigation as a whole in light of the purposes of the law. *In re Library Editions of Children's Books*, 297 F. Supp. 385, 386 (J.P.M.L. 1968).

In making this determination, the Panel therefore examines whether: (1) the lawsuits at issue involve common questions of fact; (2) consolidation promotes the just and efficient conduct of the litigation by eliminating duplicative discovery, preventing inconsistent rulings on pretrial motions (including those with respect to certification of collective actions), and conserving the resources of the parties, their counsel and the judiciary; and (3) centralization under Section 1407 will serve the convenience of the parties and witnesses. *In re Dollar General Corp.*, 346 F. Supp. 2d 1368 (J.P.M.L. 2004). The Panel also assesses the most appropriate district for the litigation, by examining, among other things, whether the proposed tribunal has the resources available to manage the litigation. *Id.*

All of the cases that Defendants seek to transfer and coordinate in the District Court for the District of Columbia fall squarely within the requirements of 28 U.S.C. § 1407(a), and significant benefits are to be gained by coordinated or consolidated pretrial proceedings. *In re Falstaff Brewing Corporation Antitrust Litigation*, 434 F. Supp. 1225, 1231 (J.P.M.L. 1977). It is beyond dispute that the three actions share common questions of fact, including the same causes of action and overlapping putative classes. Transferring these cases to one court for pretrial proceedings will be more convenient for the parties, will not prejudice any parties' interests, and will conserve judicial resources.

## I.      The Actions Involve Common Questions of Fact

Each of the three actions shares "one or more common questions of fact." 28 U.S.C. §

4

1407(a).  Indeed, virtually every question of fact in these cases is in common, because these are essentially three versions of the same case, appearing to differ only in that they have been filed by different law firms with different named plaintiffs.  All of the cases are based on the same underlying factual allegations, namely that VA employee John Doe took data (containing Privacy Act-protected information) from VA headquarters to his home, where it was stolen in a burglary.  Ex. A ¶¶ 20, 27; Ex. B ¶ 17; Ex. C ¶ 18.  All of the cases contend that the VA's conduct constituted one or more violations of the Privacy Act, thus raising common questions such as whether the VA willfully and intentionally failed to properly maintain the VA data that was stolen.  *See, e.g.,* Ex. A ¶¶ 20-41; Ex. B ¶¶ 2-8, 17-40; Ex. C ¶¶ 1-6, 18-26.  And, all of the cases purport to represent the same class.  Ex. A ¶¶ 42-44; Ex. B ¶ 43; Ex. C ¶ 27.  As such, this statutory requirement has been fulfilled.  *See, e.g., In re Cooper Tire & Rubber Co. Tires Prods. Liab. Litig.*, No. 1393, 2001 WL 253115 (J.P.M.L. 2001) (transfer ordered where "[a]ll actions involve allegations relating to Cooper's tire design and its manufacturing process"); *In re Air West, Inc. Securities Litig.*, 384 F. Supp. 609, 611 (J.P.M.L. 1974) ("[W]hen two or more complaints assert comparable allegations against identical defendants based upon similar transactions and events, common factual questions are presumed.").

Moreover, the case for transfer and consolidation in these cases is particularly strong because Plaintiffs in each case seek certification of identical classes but with different class representatives.  The "appearance of conflicting class representation claims . . . militates strongly in favor of transfer."  *In re Air West*, 384 F. Supp. at 611 (consolidating three actions); *accord In re Jamster Mktg. Litig.*, 427 F. Supp. 1366 (J.P.M.L. 2006) (ordering transfer and coordination of three class actions where "[e]ach action is brought as a class action against overlapping

5

defendants and is predicated on the same factual allegations" and finding that transfer "is necessary to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to potentially dispositive pretrial motions and class certification matters), and conserve the resources of the parties, their counsel, and the judiciary"); *In re High Sulfur Content Gasoline Prods. Liab. Litig.*, 344 F. Supp. 2d 755, 756 (J.P.M.L. 2004) (ordering transfer and coordination of five "overlapping putative class actions"). Absent coordination, multiple federal courts will be simultaneously handling the same claims brought by the same putative class against the same defendants.

## II.    Transfer Will Promote Just and Efficient Adjudication of these Actions.

Because these three pending putative class actions are factually similar, advance similar causes of actions, and seek certification of overlapping, identical classes, pretrial proceedings in all these actions will involve identical issues.[3] Thus, each case will require the same discovery into the same facts, with testimony from the same witnesses, and the same potential discovery disputes. Additionally, each case will raise identical legal issues, including the propriety of class certification, the interpretation of the Privacy Act, and the scope of remedy, if any. Thus, transfer and consolidation of these cases in a single venue will result in enormous savings to the resources of parties, witnesses, and the courts. Additionally, consolidation will prevent both

---

[3] Three actions based on the same facts is a sufficient number to warrant transfer and coordination. *See e.g.*, *In re Jamster Mktg. Litig.*, 2006 WL 1023460 (J.P.M.L.) (consolidating three actions); *In re New Mexico Natural Gas Antitrust Litig.*, 482 F. Supp. 333 (J.P.M.L. 1979) (consolidating three actions); *In re California Armored Car Antitrust Litig.*, 476 F. Supp. 452, 454 (J.P.M.L. 1979) (consolidating three actions); *In re First Nat'l Bank*, 451 F. Supp. 995, 997 (J.P.M.L. 1978) (consolidating two actions); *In re Eastern Airlines, Inc. Flight Attendant Weight Program Litig.*, 391 F. Supp. 763 (J.P.M.L. 1975) (consolidating two actions); *In re Cross-Florida Barge Canal Litig.*, 329 F. Supp. 543 (J.P.M.L. 1971) (consolidating two actions).

inconsistent legal rulings and inconsistent case management orders, both of which could prejudice the parties and undermine the systemic integrity of the judiciary.

For these reasons, transfer and coordination of these actions will promote the just and efficient conduct of these actions. *See, e.g., In re Prempro Products Liability Lit.*, 254 F. Supp. 2d 1366, 1367 (J.P.M.L. 2003) ("[c]entralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to the question of class certification), and conserve the resources of the parties, their counsel and the judiciary").

## III.   Transfer Will Promote the Convenience of the Parties and the Witnesses.

As noted, all of these cases concern precisely the same underlying allegations about the alleged acts and omissions of the VA.  Thus, the same witnesses, documents, and other evidence will be at issue in each case.  Requiring duplicative litigation of discovery disputes (with the real possibility of inconsistent rulings and case management orders), and possible multiple productions of the same documents, as well as multiple depositions of the same witnesses, will waste resources of parties and witnesses (as well as judicial resources).  Thus, consolidation will promote the efficiency interests of all involved.  *See, e.g., In re High Sulfur Content*, 344 F. Supp. 2d at 757 (finding that consolidation of actions from two districts would "conserve the resources of the parties, their counsel and the judiciary").

Moreover, the main issues for discovery will concern the manner in which the data was maintained at VA headquarters, the manner in which John Doe accessed the data at VA headquarters, and the manner in which that data was stolen from John Doe's home.  The overwhelming number of relevant witnesses are thus likely to be employees (or former

employees) of VA and/or other individuals located in the Washington, D.C., area. It is unlikely

that any information relevant to these topics will be sought from individuals located in the

Eastern District of Kentucky, and the Eastern District of New York, where two of the lawsuits

are pending. This particularly important factor thus strongly favors transfer to the District of

Columbia for the convenience of the parties and witnesses. *See In re Marsh & McLennan*

*Companies, Inc., Securities Litigation*, 429 F. Supp. 2d 1396 (J.P.M.L. 2006) (finding Southern

District of New York to be the appropriate transfer forum given that the district was a likely

source of relevant documents and witnesses as defendants in that case were headquartered there).

### IV. The District for the District of Columbia Is the Most Appropriate Transferee Forum

The District for the District of Columbia, where one of the three cases – *Vietnam*

*Veterans* – is currently pending (and another was dismissed without prejudice to the right to

refile) is the most appropriate forum to handle this multidistrict litigation. As noted above, these

cases are all based on underlying events that occurred in Washington, D.C., and a Maryland

suburb. Thus, most, if not all, of the key witnesses are likely to be located in the Washington,

D.C. area; most, if not all, of the relevant documents are likely to be located in the Washington,

D.C., area; and the relevant premises are located in the Washington, D.C., area. Any third-party

witnesses (for example former VA employees or witnesses with knowledge of the burglary) will

most likely be within the subpoena power of the District for the District of Columbia. Thus, the

District of Columbia is the most appropriate forum to handle the pretrial proceedings in these

cases as this district has a significant nexus to the litigation. *See, e.g.*, *In re Salomon Bros.*

*Treasury Securities Litig.*, 796 F. Supp. 1537, 1538 (J.P.M.L. 1992) (designating as transferee

court the district where the documents and witnesses relating to the defendant's conduct were located); *In re Air Disaster at Denver*, 486 F. Supp. 241, 243 (J.P.M.L. 1980) (same); *In re U.S. Financial Securities Litigation*, 375 F. Supp. 1403, 1404 (J.P.M.L. 1978) (same).

Moreover, of the districts where actions are pending, the District for the District of Columbia had the fewest pending cases per judge in 2005, the most recent year for which statistics are available. *See* Federal Court Management Statistics (2005), *available at* www.uscourts.gov/fcmstat/index.html. The District for D.C. had 309 pending cases per judge, while the Eastern District of New York and Eastern District of Kentucky had, respectively, 622 and 397 pending cases per judge. The District of Columbia is therefore better equipped and has more resources available to handle this litigation.

Finally, Congress has provided the District for the District of Columbia a special role in adjudicating Privacy Act cases. The District for the District of Columbia is the only district where venue is proper in every Privacy Act case. *See* 5 U.S.C. § 552a(g)(5). Because of this and because Washington, D.C., is the site of the federal government, the federal courts in Washington, D.C., have developed extensive caselaw and expertise with regard to the Privacy Act, and plaintiffs who do not live in D.C. frequently choose it as a venue for Privacy Act claims.[4] Given these factors, the District of Columbia is the most appropriate forum for these cases. *In re Dollar General Corp.*, 346 F. Supp. 2d at 1370 (noting appropriateness of transfer to Northern District of Alabama given familiarity with issues involved in litigation and fact that the "tribunal has the resources available to manage this litigation").

---

[4] For example, of the nine plaintiffs in *Vietnam Veterans of America, Inc. v. Nicholson*, No. 1:06-cv-1038-JR (D.D.C.), none are residents of Washington, D.C.

## **CONCLUSION**

For the reasons stated above, these three cases should be consolidated for pretrial purposes in the District for the District of Columbia.

Dated: July 10, 2006

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

ELIZABETH SHAPIRO
Assistant Branch Director

_____/s/_____
ORI LEV
Senior Trial Counsel
DAVID M. GLASS
Senior Trial Counsel
HEATHER R. PHILLIPS
Trial Attorney
U.S. Department of Justice
Civil Division/Federal Programs Branch
Mail:  P.O. Box 883
         Washington, D.C.  20044
Street: 20 Massachusetts Ave., N.W.
         Room 7330
         Washington, DC  20001
Ph:     (202) 514-2395
Fax:    (202) 318-7589
Email: ori.lev@usdoj.gov

*Attorneys for Defendants Department of Veterans Affairs, Secretary of Veterans Affairs R. James Nicholson in his official capacity, Deputy Secretary Gordon G. Mansfield in his official capacity, and Defendant John Doe in his official capacity.*

10

**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

_____

IN RE VA DATA THEFT LITIGATION   )      MDL Docket No. _____
_____)

**DEFENDANTS' SCHEDULE OF ACTIONS FOR TRANSFER
AND COORDINATION PURSUANT TO 28 U.S.C. § 1407**

Pursuant to Rule 7.2(a)(ii) of the Rules of Procedure of the Judicial Panel on Multidistrict

Litigation, defendants provide the following information regarding pending actions that will be

affected by defendants' Motion for Transfer and Coordination:

| Plaintiffs | Defendants | Dist./Div. | Civil Action No. | Judge Assigned |
|---|---|---|---|---|
| Vietnam Veterans of America, Inc.; Citizen Soldier, Inc.; National Gulf War Resource Center, Inc.; Radiated Veterans of America, Inc.; Veterans for Peace, Inc.; Charles L. Clark; David Cline; James E. Malone; John Rowan | R. James Nicholson; United States Department of Veterans Affairs | D.D.C./ D.C. | 1:06-cv-01038-JR | The Honorable James Robertson |
| Paul Hackett; Matthew W. Page | United States Department of Veterans Affairs; R. James Nicholson; Gordon G. Mansfield; John Doe | E.D. Ky./ Covington | 2:06-cv-00114-WOB | The Honorable William O. Bertelsman |
| Michael Rosato; Murry B. Moskowitz; Bruce Ouellette | R. James Nicholson | E.D.N.Y./ Brooklyn | 1:06-cv-03086-ENV-JMA | The Honorable Eric N. Vitaliano |

Dated: July 10, 2006

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

ELIZABETH SHAPIRO
Assistant Branch Director


_____/s/_____
ORI LEV
Senior Trial Counsel
DAVID M. GLASS
Senior Trial Counsel
HEATHER R. PHILLIPS
Trial Attorney
U.S. Department of Justice
Civil Division/Federal Programs Branch
Mail:   P.O. Box 883
        Washington, D.C.  20044
Street: 20 Massachusetts Ave., N.W.
        Room 7330
        Washington, DC  20001
Ph:     (202) 514-2395
Fax:    (202) 318-7589
Email: ori.lev@usdoj.gov

*Attorneys for Defendants Department of Veterans Affairs, Secretary of Veterans Affairs R. James Nicholson in his official capacity, Deputy Secretary Gordon G. Mansfield in his official capacity, and Defendant John Doe in his official capacity.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **DEFENDANTS DEPARTMENT OF VETERANS AFFAIRS, SECRETARY OF VETERANS AFFAIRS R. JAMES NICHOLSON, DEPUTY SECRETARY GORDON G. MANSFIELD, AND VA EMPLOYEE JOHN DOE'S MOTION FOR TRANSFER AND COORDINATION PURSUANT TO 28 U.S.C. § 1407**, and accompanying memorandum of law and exhibits were:

(1) served upon counsel of record for Plaintiffs via first class mail this 10th day of July, 2006, in the following cases :

*Vietnam Veterans of America, Inc. v. Nicholson*, No. 1:06-cv-1038-JR
     L. Gray Geddie
     Douglas Rosinksi
     Ogletree, Deakins, Nash, Smoak & Steward, P.C.
     1320 Main Street, Suite 600
     Columbia, South Carolina 29201-3266

*Hackett v. United States Department of Veterans Affairs*, Case No. 2:06-cv-114-WOB
     Marc D. Mezibov
     401 East Court Street, Suite 600
     Cincinnati, Ohio 45202

*Rosato v. Nicholson*, 1:06-cv-03086-ENV-JMA
     Joseph H. Weiss
     Mark D. Smillow
     Richard A. Aocelli
     Weiss & Lurie
     551 Fifth Avenue
     New York, NY 10179

(2) filed on July 10th, 2006, in the above cited cases, via the courts' electronic case filing systems in the Eastern District of Kentucky, the Eastern District of New York, and the District for the District of Columbia.

_____/s/_____
HEATHER R. PHILLIPS
Trial Attorney
U.S. Department of Justice
Civil Division/Federal Programs Branch
Mail:  P.O. Box 883
       Washington, D.C. 20044
Street: 20 Massachusetts Ave., N.W.
       Room 7222
       Washington, DC 20001
Ph:   (202) 616-0679; Fax: (202) 318-7589

**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

_____

IN RE VA DATA THEFT LITIGATION    )       MDL Docket No. _____
_____)

**NOTICE OF APPEARANCE**

      In compliance with Rule 5.2(c), R.P.J.P.M.L., 199 F.R.D. 425, 431 (2001), the following designated attorney is authorized to receive service of all pleadings, notices, orders, and other papers relating to practice before the Judicial Panel on Multidistrict Litigation on behalf of Defendants Department of Veterans Affairs, Secretary of Veterans Affairs R. James Nicholson in his official capacity, Deputy Secretary Gordon G. Mansfield in his official capacity, and Defendant John Doe in his official capacity, in the following cases:

*Vietnam Veterans of America, Inc. v. Nicholson*, No. 1:06-cv-1038-JR
*Hackett v. United States Department of Veterans Affairs*, Case No. 2:06-cv-114-WOB
*Rosato v. Nicholson*, 1:06-cv-03086-ENV-JMA

I am aware that only one attorney can be designated for each party.

_____               _____
Date                                  Signature of Attorney

Name and Address of Designated Attorney:
HEATHER R. PHILLIPS
Trial Attorney
U.S. Department of Justice
Civil Division/Federal Programs Branch
Mail:  P.O. Box 883
         Washington, D.C.  20044
Street: 20 Massachusetts Ave., N.W.
         Room 7222
         Washington, DC  20001
Ph:    (202) 616-0679
Fax:   (202) 318-7589

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| VIETNAM VETERANS OF AMERICA, INC.,<br>8605 Cameron Street, Suite 400,<br>Silver Spring, MD 20910, | ) ) ) ) | |
| CITIZEN SOLDIER, INC.,<br>267 Fifth Avenue, Suite 901,<br>New York, NY 10016, | ) ) ) ) | |
| NATIONAL GULF WAR RESOURCE<br>  CENTER, INC.,<br>3027 Walnut St.,<br>Kansas City, MO 64108, | ) ) ) ) ) | |
| RADIATED VETERANS OF<br>  AMERICA, INC.,<br>2533 N. Carson Street,<br>Carson City, Nevada 89706, | ) ) ) ) ) | |
| VETERANS FOR PEACE, INC.,<br>216 South Meramec Ave.,<br>Saint Louis, MO 63105, | ) ) ) ) | Case No. _____ |
| Charles L. CLARK,<br>1245 Akele St.,<br>Kailua, HI 96734, | ) ) ) ) | |
| David CLINE,<br>17 Pierce Avenue #1,<br>Jersey City, NJ 07307, | ) ) ) ) | |
| James E. MALONE,<br>2002 S. Norton St.,<br>Tucson, AZ 85713, and | ) ) ) ) | |
| John ROWAN,<br>8605 Cameron Street, Suite 400,<br>Silver Spring, MD 20910, | ) ) ) ) | |
| Plaintiffs, | ) | |

1

EXHIBIT

A



R. James NICHOLSON, in his Official Capacity
  as Secretary of Veterans Affairs,
810 Vermont Avenue, NW,
Washington, DC 20420, and

UNITED STATES DEPARTMENT OF
VETERANS AFFAIRS,
810 Vermont Avenue, NW,
Washington, DC 20420,

Defendants.

## COMPLAINT

COME NOW PLAINTIFFS, Vietnam Veterans of America, Inc., Citizen Soldier, Inc.,

National Gulf War Resource Center, Inc., Radiated Veterans of America, Inc., Veterans For Peace,

Inc., Charles. L. Clark, David Cline, James E. Malone, and John Rowan, and in support of their

Complaint herein allege as follows:

### NATURE OF THE ACTION

1.     This is an action for declaratory and injunctive relief and money damages for the

violations of the Administrative Procedures Act and the Privacy Act of 1974.  Plaintiffs represent

approximately 26,500,000 individuals who have suffered emotional trauma and been placed in fear

of identity theft, destruction of credit, and financial fraud because of Defendants' reckless disregard

for the privacy of these citizen's basic personal information.

2.     Defendant Nicholson failed to properly perform the duties of the duties of his position

as Secretary of Veterans Affairs ("Secretary") and did not ensure Plaintiffs' privacy rights were

2

protected from the intentional, willful, arbitrary and capricious actions and inactions of his subordinates.

3.    Defendant United States Department of Veterans Affairs ("Department" or "VA") flagrantly disregarded the privacy rights of essentially every living man and woman to have worn a United States military uniform, and perhaps others, by illegally maintaining a database of personal information unrelated to claims for benefits.

4.    Defendant VA arrogantly compounded it disregard for veterans' privacy rights by recklessly failing to make even the most rudimentary effort to safeguard this trove of the personally identifiable information from unauthorized disclosure.  Thus, the information was unencrypted, easily copied, and, apparently, available to anyone aware of its existence.  VA's failure, despite repeated calls for correction of these long-standing, fundamental security deficiencies, allowed millions of citizen's private information to be surreptitiously disclosed to unknown individuals for unknown purposes.

5.    The result of Defendants' reckless disregard of Plaintiffs' privacy rights was the largest unauthorized disclosure of Social Security numbers in history.

6.    Defendants' actions and inactions have inflicted, and will long continue to inflict, real costs and emotional pain and suffering on Plaintiffs and every other living veteran and their families.

## JURISDICTION AND VENUE

7.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 because this is a civil action arising under the laws of the United States.  Jurisdiction is also invoked pursuant to 5 U.S.C. §§ 552a(g)(1), (5) because this is a civil action to enforce a liability created under 5 U.S.C. § 552a after September 27, 1975.

3

8.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this district.

**PARTIES**

PLAINTIFFS

9.      Plaintiff Vietnam Veterans of America, Inc. ("VVA") is a Congressionally-chartered national veterans' service organization.  Many of the group's individual members and their families are in receipt of, or are seeking entitlement to, VA benefits.  VVA assists disabled veterans and their families, both members and non-members, in the prosecution of claims for benefits by providing them with *pro bono* legal representation before the VA, the Board of Veterans Appeals and the U.S. Court of Appeals for Veterans Claims.  VVA's advocacy on behalf of all veterans extends to the legislative arena.  VVA has approximately 53,400 members, all of whom are believed to be identified in Defendant's lost records.

10.     Plaintiff Citizen Soldier, Inc. is a non-profit active duty military and veterans' rights advocacy organization.  The organization advocates for the rights of American military veterans and active duty personnel over a wide range of issues, including the Agent Orange litigation.  Citizen Soldier has also organized educational and advocacy campaigns, via publications and the internet, on a range of health and safety issues of concern to veterans, Citizen Soldier currently has approximately 7,200 members nationwide, of which approximately 1,500 are military veterans.

11.     Plaintiff National Gulf War Resource Center, Inc. is a national coalition of more than twenty Gulf War veterans advocacy groups founded in 1995 to assisting military veterans of operations in the Persian Gulf Region from 1990 to the current day.  The organization advocates for

4

scientific research and VA medical care and benefits related to the health issues of veterans of Persian Gulf conflicts.

12.   Plaintiff Radiated Veterans of America, Inc. is a non-profit organization dedicated to advocate for, and aid, past, current and future members of the Armed Forces of the United States of America who were or may be exposed to ionizing radiation in fulfilling their duties, their families, and survivors. Radiated Veterans of America, Inc. has approximately 40 members, essentially all of which are military veterans.

13.   Plaintiff Veterans For Peace, Inc. is a national organization of men and women veterans of the Spanish Civil War, World War II, Korea, Vietnam, and other conflicts, as well as peacetime veterans. The organization has approximately 4,500 veteran members and 1,000 associate members organized in chapters across the country.

14.   Plaintiff Charles L. Clark is a veteran of World War II and a radiation-exposed veteran of the occupation of Nagasaki. Plaintiff Clark has submitted claims for VA benefits for the adverse health effects caused by his in-service radiation exposure.

15.   Plaintiff David Cline is a disabled Vietnam combat veteran. During his tour of duty as a rifleman with the 25th Infantry Division, he was received three Purple Hearts for wounds received in combat, the Bronze Star for bravery, the Combat Infantry Badge, and other Vietnam service medals.

16.   Plaintiff James E. Malone is cold war veteran who was exposed to radiation from United States atomic testing. He has filed claims for benefits with VA for service-connected conditions.

17.     Plaintiff John Rowan is the President of Vietnam Veterans of America and a veteran of service in the United States Air Force.

DEFENDANTS

18.     Defendant R. James Nicholson is the Secretary of Veterans Affairs and is the official responsible for the proper execution and administration of all laws administered by the Department and for the control, direction, and management of the Department.

19.     Defendant VA is an executive department of the federal government and is, therefore, an "agency" for purposes of the Privacy Act of 1974.

**STATEMENT OF THE FACTS**

20.     On May 3, 2006, a laptop computer and external data storage device or devices were reported stolen from the home of a VA employee.  The laptop computer and data storage device or devices contained a copy of a collection or grouping of information pertaining to approximately 26.5 million persons (the "Personal Information"), including military veterans and their spouses.  The Personal Information contained individual identifying information including, but not limited to, names, addresses, phone numbers, social security numbers, and dates of birth.  In addition, an unknown number of individual's records contained disability information and information related to possible exposure to biological and chemical agents.  None of the information was encrypted or similarly protected.

21.     The incident was the largest unauthorized disclosure of Social Security data ever.  The disclosure was so patently egregious and unlawful that any reasonable government official would have known it to be unlawful.

6

22.     The VA employee reported the Personal Information theft to one or more VA officials. These VA officials were aware of the egregious and unlawful disclosure of the Personal Information soon after the occurrence, yet these VA officials willfully and intentionally decided to conceal the disclosure and did not to report the incident to other VA official, federal law enforcement, or inform the individuals whose personal information had been disclosed without authorization. These failures exhibit Defendants' reckless disregard for Plaintiffs' privacy rights, intentional and willful violations of the Privacy Act, and were otherwise not in accordance with law.

23.     No VA official charged with protecting the Personal Information pursuant to the Privacy Act and who was knowledgeable of the egregious and unauthorized disclosure informed Defendant VA's Inspector General of the disclosure. The Inspector General only learned of the incident through an offhand remark on May 10, 2006. Then, the Inspector General further demonstrated VA's reckless disregard for Plaintiffs' privacy rights and intentional and willful disregard for Privacy Act requirements by failing to interview the employee in question until May 15, 2006, five days later.

24.     Defendant Nicholson was informed of the patently egregious and unlawful disclosure on May 16, 2006, but the Federal Bureau of Investigation ("FBI") was not contacted until May 17, 2006. Defendant Nicholson did not publicly inform Plaintiffs or any other individuals of VA's egregious and patently unlawful disclosure of the Personal Information until May 22, 2006, 19 days after the reported theft. Contrary to Defendant Nicholson's *post hoc* public statements this delay was not a result of a premeditated plan to avoid public concern, but actually resulted from Defendants VA's officials' reckless disregard for Plaintiffs' privacy rights and failure to promptly and forthrightly report the disclosure or otherwise observe the procedures required by law.

7

25.     Defendants' actions and inactions in failing to report the unauthorized disclosure of the Personal Information were arbitrary, capricious and without observance of procedures required by law.

26.     Defendant VA has been repeatedly informed of recurring, systemic, and fundamental deficiencies in its information security, but failed to effectively respond.  VA's own Inspector General has for years criticized the Department for lax information security.  Despite the repeated identification of problems, VA has been unable or unwilling to properly secure the personal information under its control.  These repeated failures to correct known vulnerabilities of VA's safeguards for Plaintiffs' private information demonstrated a reckless disregard for privacy rights and intentional or willful violations of the Privacy Act.

27.     The VA employee who reported the laptop computer stolen routinely took sensitive private information, including the Personal Information, home since at least 2003.  The employee had not received a security background check for approximately 32 years.

28.     The Personal Information disclosed on May 3, 2006, could be retrieved by the name of an individual or by some identifying number, symbol, or other identifying particular assigned to an individual.

29.     VA flagrantly disregarded Plaintiff's privacy and caused Plaintiffs adverse effects by not obtaining prior written consent of Plaintiffs, or any individual, before disclosing the Personal Information to any other individual or government agency.

30.     VA flagrantly disregarded Plaintiffs' privacy and caused Plaintiffs' adverse effects by failing to observe the procedures required by law for disclosure of private information, including the Personal Information, without the prior written consent of the affected individuals.

8

31.     VA flagrantly disregarded Plaintiffs' privacy and caused Plaintiffs' adverse effects by disclosing, or allowed disclosure of, the Personal Information to officials and employees who did not have a need for such records and information in the performance of their duties.

32.     VA flagrantly disregarded Plaintiffs' privacy and caused Plaintiffs' adverse effects by failing to keep or maintain an accurate accounting of the disclosures of the Personal Information.

33.     VA flagrantly disregarded Plaintiffs' privacy and caused Plaintiffs' adverse effects assembling and maintaining the Personal Information in a system of records although the information was not relevant and necessary to accomplish a purpose required by statute or by executive order of the President.

34.     VA flagrantly disregarded Plaintiffs' privacy and caused Plaintiffs' adverse effects by failing to collect the Personal Information directly from the subject individuals to the greatest extent practicable although the information may result in adverse determinations about an individual's rights, benefits, and privileges under a Federal program.

35.     VA flagrantly disregarded Plaintiffs' privacy and caused Plaintiffs' adverse effects by failing to publish a notice of the existence and character of the Personal Information system of records in the Federal Register.

36.     VA flagrantly disregarded Plaintiffs' privacy and caused Plaintiffs' adverse effects by failing to make reasonable efforts to assure that the Personal Information records were accurate, complete, timely, and relevant for VA purposes prior to disseminating a record about an individual to any person other than an agency.

37.     VA flagrantly disregarded Plaintiffs' privacy and caused Plaintiffs' adverse effects by failing to establish or implement appropriate administrative, technical, and physical safeguards to

9

insure the security and confidentiality of records and to protect against anticipated threats or hazards to the records security or integrity, which could result in substantial harm, embarrassment, inconvenience, or unfairness to any individual on whom information was maintained. VA's security deficiencies allowed, and continue to allow, a single individual to compromise through disclosure the entire Personal Information system of records. VA's entrenched unwillingness or inability to establish and maintain adequate information security is an abuse of discretion and an intentional and willful failure to observe procedures required by law.

38.    Defendant Nicholson was ultimately responsible for control, direction, and management of VA's processes, policies, and procedures for compliance with the Privacy Act of 1974, including, but not limited to VA Handbook 6300.5, "Procedures for Establishing and Managing Privacy Act Systems of Records," but failed to ensure those processes, policies, and procedures were adequately implemented by his subordinates. Defendant Nicholson knew, or should have known, that VA had long-standing information security deficiencies that threatened Plaintiffs' privacy rights, but did not ensure correction or mitigation of those deficiencies.

39.    Defendant Nicholson flagrantly disregarded Plaintiffs' privacy and caused Plaintiffs' adverse effects by failing to establish and ensure lawful compliance by his subordinates with appropriate administrative, technical, and physical safeguards to insure the security and confidentiality of records and to protect against anticipated threats or hazards to the records security or integrity, which could result in substantial harm, embarrassment, inconvenience, or unfairness to any individual on whom information was maintained.

10

40.     Each of Defendants' failures complained of caused Plaintiffs adverse effects including, but not limited to, embarrassment, inconvenience, unfairness, mental distress, emotional trauma, pecuniary damages and the threat of current and future substantial harm from identity theft.

41.     The real threat of identity theft and similar adverse effects of VA's illegal actions and inactions Privacy Act violations requires affirmative actions by Plaintiffs to recover peace of mind, emotional stability, and personal security including, but not limited to, frequently obtaining and reviewing credit reports, bank statements, and other similar information, obtaining credit watch services, and closing financial accounts.  Plaintiffs have, and will continue to, suffer tangible and intangible damages for the foreseeable future.

## CLASS ACTION ALLEGATIONS

42.     This action is maintainable as a class action pursuant to Federal Rules of Civil Procedure 23(a), (b)(1)-(3).

43.     The class consists of all persons who have been adversely effected by Defendants' APA and Privacy Act violations.

44.     The class is so numerous that joinder of all members is impractible.  The class size is approximately 26,500,000, which is the number of individuals whose information Defendants admit was collected and maintained in the missing system of records.

45.     Joinder of class members' individual actions is impractical because of the geographical diversity of class members, the limited ability of individual class members to institute separate suits, and the general nature of the underlying action and relief sought.

46.     Class representatives' counsel, Ogletree, Deakins, Nash, Smoak & Stewart, P.C. is appropriately qualified and experienced to represent the class.

11

47.     There are substantial questions of fact and law common to all class members.  The legal issues raised in this Complaint are limited to violations of the APA and Privacy Act.  The factual issues of whether Defendants violated one or more legal requirements are common to all class members.  Similarly, the relief Plaintiffs seek is dominated by equitable remedies.  The facts, circumstances, and merits of the case, therefore, apply equally to all class members.

48.     The claims of the representative Plaintiffs are typical of the claims of the class members.  Representative Plaintiffs are military veterans listed in one or more VA system of records who have had their personal information improperly maintained and disclosed by Defendants.

49.     The representative Plaintiffs will fairly and adequately protect the interests of the class.  Several Plaintiffs have previously come forward, at their own expense, to publicly raise the issue of Defendants' conduct.  Furthermore, the representative Plaintiffs' claims span the breadth of issues raised in this action.

50.     Defendants have acted and refused to act on grounds generally applicable to the class, making appropriate final injunctive and declaratory relief with respect to the class as a whole.

51.     The prosecution of separate actions by individual class members would create a risk of inconsistent results that could establish incompatible standards of conduct for Defendants.

52.     Defendants' liability for damages can be established by facts and circumstances common to the class as a whole and do not require the examination of Plaintiffs' individual circumstances.

53.     Questions of law and fact common to members of the class predominate over any questions affecting only individual members.

12

54.    A class action is superior in this case to other methods for a fair and efficient adjudication of the controversy because:   (A) the common interests of the class members predominate over any individual interest in controlling prosecution or control of separate actions; (B) no similar litigation concerning the controversy is known to have been commenced by members of the class; (C) concentrating litigation of this action in this Court is appropriate to ensure appropriate, consistent, and efficient resolution of the constitutional issues raised in the district where the offending conduct occurred, continues to occur, and could occur in the future; and (D) the difficulties in managing an action involving this class are significantly reduced by existing databases of potential class members prepared by the government and veteran service organizations.

### FIRST CLAIM FOR RELIEF
Violation of the Administrative Procedures Act

55.    Plaintiffs reassert their allegations set forth in Paragraphs (1) through (54) above and incorporate them by reference into this First Claim for Relief.

56.    Defendant VA possesses personal information of Plaintiffs and millions of other veterans and citizens. VA has repeatedly demonstrated an inability or unwillingness to implement, or callous disregard for, fundamental procedures to provide minimally acceptable safeguards for the personal and private information in its possession.

57.    Defendant Nicholson is ultimately responsible in his official capacity for safeguarding citizen's private information under VA control pursuant to applicable laws, including the Privacy Act of 1974 and the Administrative Procedures Act, but has been unable or unwilling to require compliance with those laws.

13

58.     Defendants' actions and inactions in failing to safeguard Plaintiffs' private information were arbitrary, capricious, and otherwise not in accordance with law.

59.     Plaintiffs suffered, and continue to suffer, harm as a result of Defendants' actions and from actions improperly withheld or unreasonably delayed.

60.     Plaintiffs are entitled to equitable relief for Defendants' violation of Plaintiffs' rights pursuant to the Administrative Procedures Act.

### SECOND CLAIM FOR RELIEF

Violation of the Privacy Act

61.     Plaintiffs reassert their allegations set forth in Paragraphs (1) through (60) above and incorporate them by reference into this Second Claim for Relief.

62.     Defendants violated the Privacy Act of 1974.

63.     Each of Defendants' violations of the Privacy Act was intentional or willful.

64.     Each of Defendants' Privacy Act violations caused Plaintiffs adverse effects.

65.     Defendants' unauthorized disclosure of individuals' names, addresses, and phone numbers linked to their Social Security numbers has, in particular, placed each Plaintiff in legitimate fear of identity theft, corruption of their credit files, and plundering of bank accounts and retirement funds.

66.     Plaintiffs suffered actual damages as a result of Defendants' Privacy Act violations.

67.     Plaintiffs are entitled to monetary relief and the costs of this action together with reasonable attorney fees.

14

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray as follows:

(a)  That this Court issue a declaratory judgment that Defendants violated, and continue to violate, Plaintiffs' rights under the Administrative Procedures Act and Privacy Act of 1974;

(b)  That this Court order Defendant Nicholson to immediately identify in the Federal Register the existence and character of every system of records maintained by VA and make available to any individual therein, their authorized representatives, or survivors, each record maintained in any VA system of records pertaining to that individual;

(c)  That this Court order Defendant Nicholson to immediately identify in the Federal Register each use of every system of records, including any use of that system or individuals records thereof known as a "project" or "projects," and the explicit statutory or other legal basis for that use or project;

(d)  That this Court permanently enjoin Defendant VA, its officers, agents, employees, and those acting for and with them, from accessing, viewing, handling, disclosing, or in any way transferring any record or system of records subject to Privacy Act requirements until an independent panel of experts finds that adequate information security has been established and implemented by VA, unless such activity is explicitly allowed by Court order and under supervision of persons independent of VA, such supervision to be at VA expense;

15

(e)     That this Court enjoin Defendant VA, its officers, agents, employees, and those

acting for and with them from removing any device capable of storing, containing, or

transferring any record or system of records, including, but not limited to, laptop

computers, portable hard drives, memory stick or similar devices, and "iPods" and

similar devices, from property under VA's supervision and control until and unless

VA demonstrates that adequate information security has been established to the

Court's satisfaction.

(f)     That this Court grant to Plaintiffs judgment against Defendant VA for damages in an

amount of $1,000.00 for each individual who was adversely affected by Defendant's

Privacy Act violations;

(g)     That this Court grant to Plaintiffs their costs and reasonable attorney's fees; and

(h)     That this Court grant such additional relief as the Court deems proper and just.

Respectfully submitted,

L. Gray Geddie (D.C. Bar No. 421357)
Douglas J. Rosinski (D.C. Bar No. 461275)
Ogletree, Deakins, Nash,
        Smoak & Stewart, P.C.
1320 Main St.
Columbia, SC 29201-3266
Attorneys for Plaintiffs

DATED:  June 6, 2006

16

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

EASTERN _____ | District of | _____ NEW YORK

MICHAEL ROSATO, MURRY B. MOSKOWITZ,
and BRUCE OUELLETTE, on their own behalf
and on behalf of all others similarly situated,

V.

R. JAMES NICHOLSON, in his Official Capacity
as Secretary of Veterans Affairs, 810 Vermont
Avenue, NW., (see attachment)

**SUMMONS IN A CIVIL ACTION**

**CV 06 3086**

CASE NUMBER:

**VITALIANO, J.**

**AZRACK, J.**

TO: (Name and address of Defendant)

R. James Nicholson, in his Official Capacity as Secretary of Veterans
Affairs and United States Department of Veterans Affairs, 810 Vermont
Avenue, NW, Washington, DC 20420

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

WEISS & LURIE
551 Fifth Avenue
New York, New York 10176

an answer to the complaint which is served on you with this summons, within _____ 20 _____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

ROBERT C. HEINEMANN _____ | JUN 2 1 2006
CLERK | DATE

(By) DEPUTY CLERK

**EXHIBIT**

tables B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**CV 06 3086**

MICHAEL ROSATO, MURRY B. MOSKOWITZ, )
and BRUCE OUELLETTE, on their own behalf and )
on behalf of all others similarly situated, )
                           )
                 Plaintiffs, )
                           )
                v. )
                           )
R. JAMES NICHOLSON, in his Official Capacity )
  as Secretary of Veterans Affairs, )
810 Vermont Avenue, NW, )
Washington, DC 20420, and )
                           )
UNITED STATES DEPARTMENT OF )
VETERANS AFFAIRS, )
810 Vermont Avenue, NW, )
Washington, DC 20420, )
                           )
               Defendants. )
                           )
                           )

CIVIL ACTION NO.

**VITALIANO, J**

COMPLAINT

**AZRACK**

JURY TRIAL DEMANDED

FILED 2006 JUN 21 PM 4: 32 CLERK U.S. DISTRICT COURT EASTERN DISTRICT OF NEW YORK

       COME NOW PLAINTIFFS, Michael Rosato, Murry B. Moskowitz and Bruce Ouellette,

and in support of their Complaint herein allege as follows:

<u>NATURE OF THE ACTION</u>

      1.     This is a class action for declaratory and injunctive relief and money damages for

the violations of the Administrative Procedures Act and the Privacy Act of 1974 and the Fourth

and Fifth Amendments to the United States Constitution under the authority of *Bivens v. Six*

*Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiffs

represent approximately 26.5 million individuals who are both veterans and active service

members of the Armed Services of the United States who have suffered emotional trauma, have

been placed in fear of identity theft, destruction of credit and financial fraud, and who have had

their private and personal health care information compromised because of Defendants'

intentional, willful and reckless disregard for the security and privacy of these citizens' basic personal information.

2.     Defendant Nicholson failed to properly perform the duties of his position as Secretary of Veterans Affairs ("Secretary") and did not protect the privacy rights of Plaintiffs and the other class members and failed to institute and enforce procedures mandated by law for the protection of veterans' and service members' private and personal information.

3.     Defendant United States Department of Veterans Affairs ("Department" or "VA") also did not assure that class members' privacy rights were protected, failed to institute and enforce procedures mandated by law for the protection of veterans' and service members' private and personal information, and flagrantly disregarded the privacy rights of virtually all armed service members by illegally maintaining a database of personal information unrelated to claims for benefits and by requiring that veterans' and service members' records be maintained and accessed through their individual, private and personal social security numbers or other identifiers that were required by law to be kept confidential.

4.     Defendants compounded their disregard for veterans' and service members' privacy rights by recklessly failing to make even the most rudimentary effort to safeguard this trove of personally identifiable information from unauthorized disclosure. In fact, the information was unencrypted, easily copied, and, apparently, available to anyone aware of its existence. Defendants' failures, despite repeated calls for correction of these long-standing, fundamental security deficiencies, allowed millions of citizens' private information to be compromised and disclosed to unknown individuals for unknown purposes.

5.     Defendants improperly, unlawfully, willfully and intentionally disclosed the private and personal information of Plaintiffs and the Class in at least three ways: (1) through

VA employees' improper access and removal of data files containing the private personal information of 26.5 million veterans and active service members from the VA; (2) through the transfer by VA personnel of the data to external and unprotected disks and/or computers; and (3) through the alleged theft of these disks and/or computers by a third party or parties, whose identity may never be known.

6.     The result of Defendants' reckless disregard of the privacy rights of the Class was the largest unauthorized disclosure of Social Security numbers, addresses, telephone numbers and health information in history.

7.     Defendants' actions and inactions have inflicted serious harm and will continue to inflict real costs and emotional pain and suffering on Plaintiffs and every other living veteran and their families whose identities and other personal and private information have been compromised.

8.     Defendants' willful and intentional failure to establish and enforce appropriate safeguards to ensure the security and privacy of veteran records and to protect against any known or anticipated threats or hazards to the security and integrity of these records is in violation of 5 U.S.C. § 552a(e)(10) and other laws.  Furthermore, subsequent to learning of the foregoing unauthorized disclosures, Defendants were deliberately indifferent in failing to take reasonable corrective action, including but not limited to, providing prompt and accurate notification of the disclosures to law enforcement and the affected veterans despite knowledge of the substantial risk of serious harm to the personal and financial security of the affected veterans as result of the disclosures.

## JURISDICTION AND VENUE

9.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 because this is

a civil action arising under the laws of the United States.  Jurisdiction is also invoked pursuant to

5 U.S.C. §§ 552a(g)(5) because this is a civil action to enforce a liability created under 5 U.S.C.

§ 552a after September 27, 1975.

10.     Venue is appropriate pursuant to 5 U.S.C. § 552a(g)(5) and 28 U.S.C. § 1391(e).

11.     Plaintiff Michael Rosato is a veteran of the United States Armed Services

honorably discharged from service.  He is a resident of Suffolk County, New York.

12.     Plaintiff Murry B. Moskowitz is a veteran of the United States Armed Services

honorably discharged from service.  He is a resident of Fairfax County, Virginia.

13.     Plaintiff Bruce Ouellette is a disabled Vietnam combat veteran and a current

resident of Yavapai County, Arizona.

14.     Defendant R. James Nicholson is the Secretary of Veterans Affairs and is the

official responsible for the proper execution and administration of all laws administered by the

Department and for the control, direction, and management of the Department.

15.     Defendant VA is an executive department of the federal government and is,

therefore, an "agency" for purposes of the Privacy Act of 1974.

## STATEMENT OF FACTS

16.     Upon information and belief, VA employees were able to easily access computer

files containing private Personal Information of millions of veterans and copy the files from the

VA's system onto external disks and their personal computers.  Upon further information and

belief, VA employees had, in fact, been removing the data from the VA facility for a period of

three years in a practice expressly or implicitly ratified by the VA.  VA employees' access to and

4

duplication of this information was a disclosure in violation of 5 U.S.C. 552a(b) and the result of Defendants' willful and intentional failure to establish appropriate safeguards to ensure the security and confidentiality of veteran records and to protect against any anticipated threats or hazards to the security and integrity of these records in violation of 5 U.S.C. § 552a(e)(10).

17.     On May 3, 2006, a laptop computer and external data storage device or devices were reportedly stolen from the Aspen Hill, Maryland home of John Doe, a VA employee. The laptop computer and data storage device or devices contained a copy of a collection or grouping of information pertaining to approximately 26.5 million persons (the "Personal Information"), including military veterans and approximately 2.2 million current active service members and their spouses (or nearly 80 percent of the active duty force). The Personal Information contained individual identifying information including, but not limited to, names, addresses, phone numbers, social security numbers, dates of birth and health information. In addition, at least three hundred of the records contained disability information and information related to possible exposure to biological and chemical agents. None of the information was encrypted or similarly protected.

18.     Upon information and belief, John Doe had removed the VA files containing the private personal information of 26.5 million veterans from the VA facility and taken it to his home shortly before the theft described in the prior paragraph. John Doe then copied the files onto his computer and/or external disks for an unspecified purpose. John Doe's computer and/or disks were allegedly stolen during a burglary of his home. Upon information and belief, these items have not been recovered as of the date of the filing of this Complaint. They were not encrypted or password protected and are easily accessed and duplicated.

5

19.     John Doe reported the Personal Information theft to one or more VA officials. These VA officials were aware of the unlawful disclosure of the Personal Information soon after the occurrence, yet these VA officials willfully and intentionally decided to conceal the disclosure and did not report the incident to other VA officials, federal law enforcement, or inform the individuals whose Personal Information had been disclosed without authorization. These failures exhibit Defendants' reckless disregard for Plaintiffs' privacy rights, intentional and willful violations of the Privacy Act, and were otherwise not in accordance with law.

20.     No VA official charged with protecting the Personal Information pursuant to the Privacy Act and who knew of the unauthorized disclosure informed Defendant VA's Inspector General George Opfer of the disclosure. The Inspector General only learned of the incident through an offhand remark on May 10, 2006. Then, the Inspector General further demonstrated VA's reckless disregard for the privacy rights of Plaintiffs and the Class and an intentional and willful disregard for Privacy Act requirements by failing to interview the employee in question until May 15, 2006, five days later.

21.     Defendant Nicholson was informed of the patently unlawful disclosure on May 16, 2006, and the Federal Bureau of Investigation ("FBI") was contacted on May 17, 2006. Defendant Nicholson did not publicly inform Plaintiffs or any other individuals of VA's patently unlawful disclosure of the Personal Information until May 22, 2006, 19 days after the reported theft.

22.     Defendants' actions and inactions in failing to report the unauthorized disclosure of the Personal Information were arbitrary, capricious and without observance of procedures required by law.

6

23.     Defendant VA has been repeatedly informed of recurring, systemic, and fundamental deficiencies in its information security, but failed to effectively respond. VA's own Inspector General has for years criticized the Department for lax information security. Despite the repeated identification of problems, VA has been unable or unwilling to properly secure the personal information under its control. These repeated failures to correct known vulnerabilities of VA's safeguards for Plaintiffs' and class members' Personal Information demonstrated a reckless disregard for privacy rights and intentional or willful violations of the Privacy Act.

24.     VA flagrantly disregarded the privacy of Plaintiffs and the Class and caused them adverse effects by failing to observe the procedures required by law for disclosure of private information, including the Personal Information, without the prior written consent of the affected individuals.

25.     VA flagrantly disregarded the privacy of Plaintiffs and the Class and caused them adverse effects by disclosing, or allowing disclosure of, the Personal Information to officials and employees who did not have a need for such records and information in the performance of their duties.

26.     VA flagrantly disregarded the privacy of Plaintiffs and the Class and caused them adverse effects by failing to keep or maintain an accurate accounting of the disclosures of the Personal Information.

27.     VA also flagrantly disregarded the privacy of Plaintiffs and the Class and caused them adverse effects by assembling and maintaining the Personal Information in a system of records although the information was not relevant and necessary to accomplish a purpose required by statute or by executive order of the President.

7

28.     Defendants knew or should have known that their computer security practices
were not in compliance with 5 U.S.C. § 552a as well as other federal laws relating to information
security.  In 2003, a study conducted by the General Accounting Office ("GAO") gave the VA a
failing grade for its computer security practices.  In March 2006, the United States House of
Representative's Committee on Government Reform gave the VA an "F" in its annual report
card relating to information security.  Despite this ample and specific notice of noncompliance
and the potential adverse effect of random and unauthorized disclosures of Personal Information,
Defendants failed to establish appropriate safeguards to ensure the security and confidentiality of
veteran records and to protect against any anticipated threats or hazards to the security and
integrity of these records in violation of 5 U.S.C. § 552a(e)(10).

29.     An <u>Associated Press</u> article published on June 14, 2006, concerning that day's
testimony in Congressional hearings on the compromise of privacy laws at the VA, reported:

> In testimony to Congress, the Government Accountability Office and Veterans
> inspector general detailed ignored warnings, weak management and lax rules in
> their review of VA information security following the theft of 26.5 million
> military personnel's private data last month.
>
> They found that the Veterans Affairs Department routinely failed to control and
> monitor employee access to private information, did not restrict users to "need-to-
> know" data and often waited too long to terminate accounts when an employee
> quit or was fired.
>
> The investigators also said the VA lacked a clear chain of command in enforcing
> security, noting the agency will need dramatically stronger leadership under VA
> Secretary Jim Nicholson to force reform after five years of repeated warnings
> about security.
>
> "Much work remains to be done," Linda Koontz, a director on information
> management at GAO, told the House Veterans Affairs Committee. "Only through
> strong leadership, sustained management commitment and effort, disciplined
> processes, and consistent oversight can VA address its persistent, long-standing
> control weaknesses."

8

30.    The testimony of June 14 made clear, according to the foregoing article, that:

government investigators said the problem was long-standing and much more widespread. They pointed to repeated occasions in the last year in which VA employees passed along veterans' medical information via unencrypted e-mail or were allowed to freely log into the VA secure network in their off-duty hours or even after they've been terminated.

In other instances, files were not adequately segregated or password-protected, making it easy for hackers to access the sensitive information.

31.    Finally, the article underscored the fact that the defendants were aware of their

privacy laws deficiencies for a very long time.

When the VA was told of problems over the years, often it would make spotty improvements but fail to address reform agency-wide. The agency also has yet to put in place a security response program to monitor suspicious log-on activity, said Michael Staley, an assistant VA inspector general, in testimony.

. . .

"These conditions place sensitive information, including financial data and sensitive veteran medical and benefit information, at risk, possibly without detection of inadvertent or deliberate misuse, fraudulent use, improper disclosure or destruction," Staley said.

32.    The unauthorized and unconsented disclosure of an individual's name, address,

date of birth, health and/or disability status and Social Security number creates a substantial risk

of identity theft and an invasion of privacy. An individual's Social Security number is the most

useful identifier for retrieving information from public record databases, financial institutions

and credit bureaus.   Armed with an individual's name, address, date of birth and Social Security

number, an identity thief is able to quickly and easily steal an identity, whereas, without such

information, the task is difficult, time consuming and costly. Moreover, the unauthorized

disclosure of an individual's health or disability status invades the privacy of information

protected under law.

33.     Recent nationwide studies confirm that, on average, victims of identity theft spend hundreds of hours in personal time and hundreds of dollars in personal funds to resolve their credit issues. *See* www.idtheftcenter.org; www.ftc.org.

34.     Defendants' unauthorized and unconsented disclosures of private Personal Information and the imminent and substantial risk of identity theft to which the Class has been exposed is the direct result of Defendants' failure to: (1) establish appropriate administrative, technical and physical safeguards to ensure the security and confidentiality of records; (2) to protect against any anticipated threats or hazards to the security and integrity of these records; and (3) to promptly take reasonable measures to correct the disclosures, including but not limited to, providing law enforcement and the affected veterans with prompt and accurate notice of the disclosures, and free ongoing monitoring of class members' health and financial reports.

35.     As a direct and proximate result of Defendants' acts and omissions, the Class has been exposed to a risk of substantial harm and inconvenience, and has incurred actual damages in purchasing comprehensive credit reports and/or monitoring of their identity and credit. Furthermore, their individual privacy has been invaded through the disclosure of their private and personal health information.

36.     Defendant Nicholson was ultimately responsible for control, direction, and management of VA's processes, policies, and procedures for compliance with the Privacy Act of 1974 and other privacy laws, rules and regulations, but failed to ensure those processes, policies, and procedures were adequately implemented by his subordinates. Defendant Nicholson knew, or should have known, that VA had long-standing information security deficiencies that threatened the privacy rights of Plaintiffs and the Class, but did not ensure correction or mitigation of those deficiencies.

37.     Defendant Nicholson flagrantly disregarded the privacy rights of Plaintiffs and the Class and caused them adverse effects by failing to establish and ensure lawful compliance by his subordinates with appropriate administrative, technical, and physical safeguards to insure the security and confidentiality of records and to protect against anticipated threats or hazards to the records security or integrity, which could result in substantial harm, embarrassment, inconvenience, or unfairness to any individual on whom information was maintained.

38. .    Each of Defendants' failures complained of caused adverse effects to the Class including, but not limited to, embarrassment, inconvenience, unfairness, mental distress, emotional trauma, pecuniary damages and the threat of current and future substantial harm from identity theft.  In testimony to Congress on or about June 12, 2006, Defendant Nicholson said that although he remained hopeful that the theft from the VA employee in Maryland was random, he and the VA could not count on the fact that no use of the stolen data was or would be made by unauthorized persons.

39.     The real threat of identity theft and similar adverse effects of VA's illegal actions and Privacy Act violations requires affirmative actions by the Class to recover peace of mind, emotional stability, and personal security including, but not limited to, frequently obtaining and reviewing credit reports, bank statements, and other similar information, obtaining credit watch services, and closing financial accounts.  The Class has, and will continue to, suffer tangible and intangible damages for the foreseeable future.

40.     In Congressional hearings held after the disclosure of the Personal Information discussed herein, Representative Henry Waxman of California berated defendant Nicholson for his conduct and malfeasance:

11

"Secretary Nicholson, you blame this on an employee who was fired, on a culture, on people doing what they're not supposed to be doing. That doesn't sound like we're getting to the heart of this with passing the buck."

## CLASS ACTION ALLEGATIONS

41. This action is maintainable as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(1)-(3).

42. The Class consists of all persons who have been adversely effected by Defendants' violations of the privacy of class members' personal and private identifying information.

43. This action is properly maintainable as a class action for the following reasons:

a. The Class is so numerous that joinder of all members is impractible. The class size is approximately 26,500,000, which is the number of individuals whose information Defendants admit was collected and maintained in the missing system of records.

b. Joinder of class members' individual actions is impractical because of the geographical diversity of class members, the limited ability of individual class members to institute separate suits, and the general nature of the underlying action and relief sought.

c. Plaintiffs are committed to the vigorous prosecution of this action and have retained counsel qualified and experienced to represent the Class and familiar with class litigation. Plaintiffs' claims are typical of the claims of other members of the Class and plaintiffs have no interest that are adverse or antagonistic to the interests of the Class. Plaintiffs are military veterans listed in one or more VA system of records who have had their personal information improperly maintained and disclosed by Defendants.

d. The representative Plaintiffs will fairly and adequately protect the interests of the Class.

e.    There are substantial questions of fact and law common to all class members.  The issues raised include whether Defendants acted or failed to act commensurate with their duties to protect the personal, private and confidential information of Plaintiffs and class members, whether such conduct violated the privacy and other laws, whether said violations were willful, wanton and/or reckless and whether such conduct gives rise to the various forms of relief requested and/or damages.  The foregoing issues are common to all class members. Similarly, the relief Plaintiffs seek is dominated by equitable remedies.  The facts, circumstances, and merits of the case, therefore, apply equally to all class members.

f.    Defendants have acted and refused to act on grounds generally applicable to the Class, making appropriate final injunctive and declaratory relief with respect to the Class as a whole.

g.    The prosecution of separate actions by individual class members would create a risk of inconsistent results that could establish incompatible standards of conduct for Defendants.

h.    Defendants' liability for damages can be established by facts and circumstances common to the Class as a whole and do not require the examination of Plaintiffs' individual circumstances.

i.    Questions of law and fact common to members of the Class predominate over any questions affecting only individual members.

j.    A class action is superior in this case to other methods for a fair and efficient adjudication of the controversy because the common interests of the class members predominate over any individual interest in controlling prosecution or control of separate actions and because concentrating the litigation in this Court is appropriate to ensure appropriate,

13

consistent, and efficient resolution of the legal and constitutional issues raised in the district where the offending conduct occurred, continues to occur, and could occur in the future.

<u>FIRST CLAIM FOR RELIEF</u>

44.     Plaintiffs reassert the allegations set forth in Paragraphs 1 through 43 above and incorporate them by reference into this First Claim for Relief.

45.     Defendant VA possesses personal information of Plaintiffs and millions of other veterans and active service members. VA has repeatedly demonstrated an inability or unwillingness to implement, or callous disregard for, fundamental procedures to provide minimally acceptable safeguards for the personal and private information in its possession.

46.     Defendant Nicholson is ultimately responsible in his official capacity for safeguarding citizen's private information under VA control pursuant to applicable laws, including the Privacy Act of 1974 and the Administrative Procedures Act, but has been unable or unwilling to require compliance with those laws.

47.     Defendants' actions and inactions in failing to safeguard Plaintiffs' private information were arbitrary, capricious, and otherwise not in accordance with law.

48.     Plaintiffs suffered, and continue to suffer, harm as a result of Defendants' actions and from actions improperly withheld or unreasonably delayed.

49.     The Class is entitled to monetary and equitable relief for Defendants' violation of plaintiffs' rights pursuant to the Administrative Procedures Act.

50.     The foregoing acts and omissions of Defendant VA constitute an unauthorized, nonconsensual, and inappropriate disclosure of Social Security numbers and private health information of the Class in violation of 5 U.S.C. § 552a(b).

14

## SECOND CLAIM FOR RELIEF

51.     Plaintiffs repeat and reaffirm the assertions of fact contained in paragraphs 1 through 50 hereinabove.

52.     The foregoing acts and omissions of Defendant VA constitute a willful and intentional failure to establish appropriate safeguards to ensure the security and privacy of veteran records and to protect against known and anticipated threats or hazards to the security and integrity of the private personal records of the Class in violation of 5 U.S.C. § 552a(e)(10).

## THIRD CLAIM FOR RELIEF

53.     Plaintiffs repeat and reaffirm the assertions of fact contained in paragraphs 1 through 52 hereinabove.

54.     The foregoing acts and omissions of Defendants constitute a violation of the right to privacy and personal security of the Class in their Social Security numbers and private health information under the Fourth and Fifth Amendments to the United States Constitution.

## PRAY FOR RELIEF

WHEREFORE, Plaintiffs pray as follows:

a.      For a declaration that Defendants' acts and omissions constitute a willful and intentional failure to establish appropriate safeguards to ensure the security and privacy of veteran and active service member records and to protect against known and anticipated threats or hazards to the security and integrity of these records in violation of 5 U.S.C. § 552a(e)(10) and the Fourth and Fifth Amendments of the United States Constitution.

b.      For preliminary and permanent injunctive relief enjoining, prohibiting and preventing Defendants from continuing to operate without appropriate safeguards to ensure the

15

security and privacy of veteran records and to protect against anticipated threats or hazards to the security and integrity of these records.

        c.      For reparative injunctive relief under *Bivens* requiring Defendants to take necessary measures to safeguard against the serious harm attendant to the improper disclosure/theft of confidential information including an identity and/or credit monitoring program and a preemptive internet search service for the benefit of Plaintiffs and the proposed Class under the Court's supervision;

        d.      That this Court permanently enjoin Defendant VA, its officers, agents, employees, and those acting for and with them, from accessing, viewing, handling, disclosing, or in any way transferring any record or system of records subject to Privacy Act requirements until an independent panel of experts finds that adequate information security has been established and implemented by VA, unless such activity is explicitly allowed by Court order and under supervision of persons independent of VA, such supervision to be at VA expense;

        e.      That this Court enjoin Defendant VA, its officers, agents, employees, and those acting for and with them from removing any device capable of storing, containing, or transferring any record or system of records, including, but not limited to, laptop computers, portable hard drives, memory stick or similar devices, and "iPods" and similar devices, from property under VA's supervision and control until and unless VA demonstrates that adequate information security has been established to the Court's satisfaction.

        f.      That this Court grant to Plaintiffs and the Class judgment against Defendant VA for damages in an amount of $1,000.00 for each individual who was adversely affected by Defendant's Privacy Act violations;

16

g.   That this Court grant to Plaintiffs their costs and reasonable attorneys'

fees; and

h.   That this Court grant such additional relief as the Court deems proper and

just.

Dated: June 21, 2006

                              WEISS & LURIE

                              Joseph H. Weiss (JW-4534)
                              Mark D. Smilow (MS-2809)
                              Richard A. Acocelli (RA-2029)
                              Weiss & Lurie
                              551 Fifth Avenue
                              New York, NY   10176
                              Tel:    (212) 682-3025
                              Fax:    (212) 682-3010

17

RECEIVED

2006 JUN 26 PM 3:19

DEPT OF VETERANS AFFAIRS
OFFICE OF THE SECRETARY

Index No. xxxxx2006

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MICHAEL ROSATO, MURRY B. MOSKOWITZ, and BRUCE
OUELLETTE, on their behalf and on behalf of all
others similarly situated,           Plaintiffs,

v.

R. JAMES NICHOLSON, in his Official Capacity as
Secretary of Veterans Affairs, 810 Vermont Avenue,
NW, Washington, DC 20420, and

UNITED STATES DEPARTMENT OF VETERANS AFFAIRS,
810 Vermont Avenue, NW, Washington, DC 20420,

                                     Defendants.

COMPLAINT

W E I S S  &  L U R I E
Attorneys for Plaintiffs

Office and Post Office Address, Telephone
551 FIFTH AVENUE
NEW YORK, N.Y. 10176
(212) 682-3025

To

Attorney(s) for

Service of a copy of the within                is hereby admitted.

Dated,

Attorney(s) for

---

NOTICE OF ENTRY

Sir: — Please take notice that the within is a (certified)
true copy of a
duly entered in the office of the clerk of the within
named court on                    19

Dated,

Yours, etc.,
W E I S S  &  L U R I E

Attorneys for

Office and Post Office Address
551 FIFTH AVENUE
NEW YORK, N.Y. 10176

To

Attorney(s) for

NOTICE OF SETTLEMENT

Sir: — Please take notice that an order

of which the within is a true copy will be presented
for settlement to the Hon.

one of the judges of the within named court, at

on                    19
at           M.
Dated,

Yours, etc.,
W E I S S  &  L U R I E

Attorneys for

Office and Post Office Address
551 FIFTH AVENUE
NEW YORK, N.Y. 10176

To

Attorney(s) for

Eastern District of Kentucky
**FILED**

JUN - 7 2006

AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| PAUL HACKETT,<br>1014 Vine Street, Suite 1690<br>Cincinnati, OH 45202 | CASE NO. 06-114-wob |
| | |
| MATTHEW W. PAGE<br>473 Beaver Road<br>Walton, KY 41094 | JUDGE BERTELSMAN |
| Plaintiffs, | |
| vs. | |
| UNITED STATES DEPARTMENT<br>OF VETERANS AFFAIRS,<br>810 Vermont Avenue NW<br>Washington, DC 20420, | **AMENDED CLASS ACTION<br>COMPLAINT** |
| R. JAMES NICHOLSON, Secretary<br>of the United States Department of<br>Veterans Affairs, officially and<br>individually,<br>810 Vermont Avenue NW<br>Washington, DC 20420, | |
| GORDON G. MANSFIELD, Deputy<br>Secretary of the United States<br>Department of Veterans Affairs,<br>officially and individually,<br>810 Vermont Avenue NW<br>Washington, DC 20420, | |
| and | |
| JOHN DOE, employee of the<br>United States Department of<br>Veterans Affairs, officially and<br>individually,<br>c/o 810 Vermont Avenue NW<br>Washington, DC 20420. | |
| Defendants. | |

**EXHIBIT**

C

## I. PRELIMINARY STATEMENT

1. Plaintiffs Paul Hackett and Matthew Page bring this action pursuant to the Privacy Act of 1974 and the Fourth and Fifth Amendments to the United States Constitution under the authority of *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) on behalf of themselves and all others similarly situated against the United States Department of Veterans Affairs ("VA"), Secretary R. James Nicholson, Deputy Secretary Gordon H. Mansfield, and its employee, John Doe.[1]

2. Plaintiffs, veterans of the United States Marine Corps and United States Navy, respectively, are two of more than 28.5 million military veterans and active duty personnel whose private personal information, including Social Security numbers, were improperly, unlawfully, willfully and intentionally disclosed in at least three ways: (1) through the access and removal of data files containing the private personal information of more than 28.5 million veterans and active duty members from the VA facility by employee John Doe; (2) through the transfer of the data to external and unprotected disks and/or computers by John Doe; and (3) through the alleged theft of these disks and/or computers by a third party, the identity of whom may never be known. These disclosures, made without Plaintiffs' knowledge or consent, violate 5 U.S.C. § 552a(b).

3. These disclosures were the direct and proximate result of Defendants' willful and intentional failure to establish and enforce appropriate safeguards to ensure the security and privacy of veteran and active duty personnel records and to protect against any known or anticipated threats or hazards to the security and integrity of these

---

[1] Plaintiffs may also file an administrative charge alleging invasion of privacy pursuant to the Federal Tort Claims Act as required under 28 U.S.C. § 1346(b).

records in violation of 5 U.S.C. § 552a(e)(10).

4.      Subsequent to learning of these disclosures, Defendants were deliberately indifferent in failing to take reasonable corrective action, including but not limited to, providing prompt and accurate notification of the disclosures to law enforcement and the affected veterans despite knowledge of the substantial risk of serious harm to the personal and financial security of the affected veterans as result of the disclosures.

5.      Defendants' disclosures of Plaintiffs' confidential Social Security numbers also violated Plaintiffs' right to privacy and personal security of their Social Security numbers under the Fourth and Fifth Amendments of the United States Constitution.

6.      As result of the Defendants' acts and omissions in disclosing and failing to protect Plaintiffs' private personal information, including their Social Security numbers, Plaintiffs and those similarly situated have been placed at a substantial risk of harm in the form of identity theft and have incurred and will incur actual damages in an attempt to prevent identity theft by purchasing services to monitor their credit information. The remedies sought include declaratory and remedial injunctive relief, damages and reasonable attorneys' fees and costs.

## II. JURISDICTION AND VENUE

7.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331. Federal jurisdiction is appropriate in this instance to secure protection and to redress deprivations of rights guaranteed under 5 U.S.C. § 552a and *Bivens*.

8.      Venue is appropriate pursuant to 5 U.S.C. § 552a(g)(5) and 28 U.S.C. § 1391(e).

## III. PARTIES

9.     Plaintiff Paul Hackett is a veteran of the United States Marine Corps released from active duty in 1992 and honorably discharged from service in 1999.  He is a resident of Hamilton County, Ohio.

10.     Plaintiff Matthew Page is a veteran of the United States Navy retired from active duty and honorably discharged from service in 2001.   He is a resident of Boone County, Kentucky.

11.     Defendant VA is a cabinet of the Executive Branch of the United States Government which, in the course of its duties, compiles and maintains records of all individuals discharged from a branch of the United States military and provides benefits and services to veterans, including among other things, pension payments and health care.  Upon information and belief, Defendant VA also compiles and maintains records of some or all active duty members of the United States military.

12.     Defendant R. James Nicholson is the duly-confirmed Secretary of United States Department of Veterans Affairs and is responsible for the enactment and enforcement of all VA policies and procedures, including those pertaining to safeguards to ensure the security and privacy of veteran and active duty records and to protect against any anticipated threats or hazards to the security and integrity of these records. He is sued in his official and individual capacities.

13.     Defendant Gordon H. Mansfield is the duly-appointed Deputy Secretary of the United States Department of Veterans Affairs and is responsible for the enactment and enforcement of all VA policies and procedures, including those pertaining to safeguards to ensure the security and privacy of veteran and active duty records and to

4

protect against any anticipated threats or hazards to the security and integrity of these records. He is sued in his official and individual capacities.

14. Defendant John Doe is a long-time employee of the VA who was assigned as a data analyst. Upon information and belief, John Doe engaged in conduct tantamount to a willful and intentional disclosure of and failure to protect the private personal information of Mr. Hackett, Mr. Page and the approximately 28.5 million other veterans and active duty personnel. He is sued in his official and individual capacities.

## IV. STATEMENT OF FACTS

15. In connection with their honorable discharges after service with the United States Marine Corps and United States Navy, Plaintiffs were required to provide the VA with their private personal information, including Social Security numbers.

16. On or about May 22, 2006, Secretary Nicholson publicly announced through worldwide media outlets that the private personal information of approximately 26.5 million veterans discharged after 1975 had been disclosed. Secretary Nicholson identified the private personal information of these veterans disclosed as their names, dates of birth, Social Security numbers, and, in some instances disability ratings and certain medical information. Nearly two weeks later, on or about June 6, 2006, Secretary Nicholson publicly announced that the files also contained these individuals' addresses and telephone numbers.

17. On or about June 6, 2006, Secretary Nicholson publicly announced that the disclosure affected a much broader scope of individuals that initially reported on May 22, 2006, involving information of both veterans and active duty personnel. Specifically identified were 1.1 million active duty personnel, 430,000 members of the

5

National Guard, and 645,000 members of the Reserves.    The private personal information of these individuals disclosed included names, addresses, telephone numbers, dates of birth, Social Security numbers, disability ratings, and upon information and belief, certain medical information.

18.    Secretary Nicholson reported the disclosure was connected to an alleged burglary of the home of Defendant John Doe.  Upon information and belief, on or about May 3, 2006, John Doe, a data analyst and long-time VA employee, had removed VA files containing private personal information of more than 28.5 million veterans and active duty personnel from the VA facility and taken it to his home. John Doe then copied the files onto his computer and/or external disks for an unspecified purpose. John Doe's computer and/or disks were allegedly stolen during a burglary of his home. Upon information and belief, these items have not been recovered as of the date of the filing of this Complaint.  They are not believed to be encrypted or password protected and can be easily accessed and duplicated.

19.    Upon information and belief, John Doe was able to easily access computer files containing private personal information of 28.5 million veterans and active personnel copy the files from the VA's system onto external disks and his personal computer.  Upon further information and belief, John Doe had been removing the data from the VA facility for a period of three years in a practice expressly or implicitly ratified by the VA.  John Doe's access to and duplication of this information was a disclosure in violation of 5 U.S.C. § 552a(b) and the result of Defendants' willful and intentional failure to establish appropriate safeguards to ensure the security and confidentiality of veteran and active duty personnel records and to protect against any

6

anticipated threats or hazards to the security and integrity of these records in violation of 5 U.S.C. § 552a(e)(10).

20.   Upon information and belief, upon learning of the above-described disclosures, Secretary Nicholson and Deputy Secretary Mansfield unreasonably delayed reporting the disclosures to law enforcement agencies despite knowledge of the imminent and substantial risk of serious harm to the personal security of the affected veterans and active duty personnel. VA Inspector General George Opfer publicly stated that he was never formally notified of the disclosures, but rather heard about it through "gossip."

21.   Three weeks after the alleged burglary, on or about May 22, 3006, Secretary Nicholson advised media outlets that the 26.5 million veterans whose private personal information was disclosed were subject to a heightened risk for identity theft. He urged the veterans to be "extra vigilant and to carefully monitor bank statements, credit card statements and any statements relating to recent financial transactions." Nearly two weeks later, on or about June 6, 2006, Secretary Nicholson advised media outlets that the disclosures involved nearly 2.2 million active duty members of the military as well. Upon information and belief, Defendants have not yet individually notified the affected veterans.

22.   Defendants knew or should have known that their computer security practices were not in compliance with 5 U.S.C. § 552a as well as other federal laws relating to information security. In 2003, a study conducted by the General Accounting Office (GAO) gave the VA a failing grade for its computer security practices. In March 2006, the United States House of Representative's Committee on Government Reform

gave the VA an "F" in its annual report card relating to information security. Despite this ample and specific notice of noncompliance and the potential adverse effect of random and unauthorized disclosures of personal information, Defendants failed to establish appropriate safeguards to ensure the security and confidentiality of veteran and active duty personnel records and to protect against any anticipated threats or hazards to the security and integrity of these records in violation of 5 U.S.C. § 552a(e)(10).

23.    The unauthorized and unconsented disclosure of an individual's name, address, telephone number, date of birth and Social Security number creates a substantial risk of identity theft. An individual's Social Security number is the most useful identifier for retrieving information from public record databases, financial institutions and credit bureaus. Armed with an individual's name, address, date of birth and Social Security number, an identity thief is able to quickly and easily steal an identity, whereas, without such information, the task is difficult, time consuming and costly.

24.    Recent nationwide studies confirm that, on average, victims of identity theft spend hundreds of hours in personal time and hundreds of dollars in personal funds to resolve their credit issues. *See* www.idtheftcenter.org; www.ftc.org.

25.    Defendants' unauthorized and unconsented disclosures of Plaintiffs private personal information and the imminent and substantial risk of identity theft to which Plaintiffs has been exposed is the direct result of Defendants' failure to: (1) establish appropriate administrative, technical and physical safeguards to ensure the security and confidentiality of records; (2) to protect against any anticipated threats or

8

hazards to the security and integrity of these records; and (3) to promptly take reasonable measures to correct the disclosures, including but not limited to, providing law enforcement and the affected veterans and active duty personnel with prompt and accurate notice of the disclosures.

26.    As a direct and proximate result of Defendants' acts and omissions, Plaintiffs have been exposed to a risk of substantial harm and inconvenience, and have incurred actual damages in purchasing comprehensive credit reports and/or monitoring of their identity and credit.

## V. CLASS ALLEGATIONS

27.    Plaintiffs maintain this action on behalf of themselves and all individuals whose private personal information, including Social Security numbers, were disclosed by Defendants in May 2006 as described above.

28.    The members of the putative class are so numerous that joinder of individual claims is impracticable. Moreover, there are significant questions of fact and issues of law common to the members of the putative class. These issues include whether Defendants failed to establish appropriate administrative, technical and physical safeguards to ensure the security and confidentiality of records and to protect against known and anticipated threats or hazards to the security and integrity of these records, whether such failure was willful and intentional, whether the putative class members were adversely affected, and whether they incurred actual damages as result.

29.    Plaintiffs' claims are typical of the claims of the putative class. Plaintiffs and all members of the putative class have been adversely affected and damaged in that their private information has been compromised and stolen.

9

30.   The proposed class representatives will fairly and adequately represent the putative class because they have the class members' interest in mind, their individual claims are co-extensive with and identical to those of the class, and because they are represented by qualified counsel experienced in class action litigation of this nature.

31.   A class action in this instance is superior to other available methods for the fair and efficient adjudication of these claims since individual joinder of the claims of all members of the putative class is impracticable.  Most members of the class are without the financial resources necessary to pursue this matter.  Even if some members of the class could afford to litigate their claims separately, such a result would be unduly burdensome to the courts in which the individualized cases would proceed.  Individual litigation increases the time and expense of resolving a common dispute concerning Defendants' actions toward an entire group of individuals.  Class action procedures allow for far fewer management difficulties in matters of this type and provide the unique benefits of unitary adjudication, economy of scale and comprehensive supervision over the entire controversy by a single court.

32.   The putative class may be certified pursuant to Rule 23(b)(1) of the Federal Rules of Civil Procedure because inconsistent or varying adjudications with respect to individual class members would establish incompatible standards of conduct for Defendants to follow.

33.   The putative class may be certified pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure because Defendants have acted on grounds generally applicable to the putative class thereby making final injunctive relief and corresponding declaratory relief appropriate with respect to the claims raised by the class.

10

34. The putative class may be certified pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure because questions of law and fact common to class members will predominate over questions affecting individual members and a class action is superior to other methods for fairly and efficiently adjudicating the controversy and causes of actions described in the Complaint.

## VI. STATEMENT OF CLAIMS

### COUNT ONE

35. Plaintiffs repeat and reaffirm the assertions of fact contained in paragraphs 1 through 34 herein above.

36. The foregoing acts and omissions of Defendant VA constitute an unauthorized, nonconsual, and inappropriate disclosure of Plaintiffs' Social Security numbers in violation of 5 U.S.C. § 552a(b).

### COUNT TWO

37. Plaintiffs repeat and reaffirm the assertions of fact contained in paragraphs 1 through 36 herein above.

38. The foregoing acts and omissions of Defendant VA constitutes a willful and intentional failure to establish appropriate safeguards to ensure the security and privacy of veteran and active duty personnel records and to protect against known and anticipated threats or hazards to the security and integrity of Plaintiff's private personal records in violation of 5 U.S.C. § 552a(e)(10).

### COUNT THREE

39. Plaintiffs repeat and reaffirm the assertions of fact contained in paragraphs 1 through 38 herein above.

11

40. The foregoing acts and omissions of Defendants Nicholson, Mansfield and John Doe constitute a violation of Plaintiffs' right to privacy in their Social Security numbers under the Fourth and Fifth Amendments to the United States Constitution.

## COUNT FOUR

41. Plaintiffs repeat and reaffirm the assertions of fact contained in paragraphs 1 through 40 herein above.

42. The foregoing acts and omissions of Defendants Nicholson, Mansfield and John Doe constitute a violation of Plaintiffs' right to personal security under the Fourth and Fifth Amendments to the United States Constitution.

## COUNT FIVE

43. Plaintiffs repeat and reaffirm the assertions of fact contained in paragraphs 1 through 42 herein above.

44. The foregoing acts and omissions of Defendants Nicholson, Mansfield and John Doe deprived Plaintiffs of their right to procedural and substantive due process under the Fifth Amendment to the United States Constitution.

## COUNT SIX

45. Plaintiffs repeat and reaffirm the assertions of fact contained in paragraphs 1 through 44 herein above.

46. The foregoing acts and omissions of Defendants Nicholson, Mansfield and John Doe were done in deliberate indifference to rights guaranteed to Plaintiffs under the Fourth and Fifth Amendments to the United States Constitution.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, on behalf of themselves and all others similarly situated, hereby demand judgment against Defendants as follows:

a.     For a declaration that Defendants' acts and omissions constitute a willful and intentional failure to establish appropriate safeguards to ensure the security and privacy of veteran and active duty personnel records and to protect against known and anticipated threats or hazards to the security and integrity of these records in violation of 5 U.S.C. § 552a(e)(10) and the Fourth and Fifth Amendments of the United States Constitution.

b.     For preliminary and permanent injunctive relief enjoining, prohibiting and preventing Defendants from continuing to operate without appropriate safeguards to ensure the security and privacy of veteran and active duty personnel records and to protect against anticipated threats or hazards to the security and integrity of these records.

c.     For reparative injunctive relief under *Bivens* requiring Defendants to take necessary measures to safeguard against the serious harm attendant to the improper disclosure/theft of confidential information including an identity and/or credit monitoring program and a preemptive internet search service for the benefit of Plaintiffs and the proposed class under the Court's supervision;

d.     For an award of damages for Plaintiffs and each affected class member in an amount no less than $1,000.00;

13

e.    For an award of reasonable attorney fees and costs incurred by Plaintiffs and the members of the putative class in prosecuting this matter; and

f.    For an award of such other relief in law and equity to which Plaintiffs and the members of the putative class may be entitled under the premises.

Respectfully submitted,

MEZIBOV & JENKINS, CO. L.P.A

_____

MARC D. MEZIBOV (Ohio Bar No. 0019316)
401 East Court Street, Suite 600
Cincinnati, Ohio 45202
Telephone: (513) 723-1600
Telecopier: (513) 723-1620
mmezibov@mezibovjenkins.com

Attorney for Plaintiffs

Of Counsel:
**MEZIBOV & JENKINS, CO. L.P.A**
CHRISTIAN A. JENKINS (Ohio Bar No. 0070674)
STACY A. HINNERS (Ohio Bar No. 0076458)
401 East Court Street, Suite 600
Cincinnati, Ohio 45202
Telephone: (513) 723-1600
Telecopier: (513) 723-1620
cjenkins@mezibovjenkins.com
shinners@mezibovjenkins.com

**MURDOCK, GOLDENBERG, SCHNEIDER &
GROH LPA**
JOHN C. MURDOCK (Ohio Bar No. 0063749)
JEFFERY S. GOLDENBERG (Ohio Bar No. 0063771)
35 East Seventh Street, Suite 600
Cincinnati, OH 45202
Telephone: (513) 345-8291
Telecopier: (513) 345-8294
jmurdock@mgsglaw.com
jgoldenberg@mgsglaw.com

14

## CERTIFICATE OF SERVICE

A true and accurate copy of the foregoing was filed with the Clerk and served to the following via regular U.S. mail on this 7th day of June 2006: John C. Murdock and Jeffery S. Goldenberg, 35 E. Seventh Street, Suite 600, Cincinnati, OH 45202; Alberto Gonzalez, United States Attorney General, Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001; Amul R. Thapar, United States Attorney for the Eastern District of Kentucky, 110 West Vine Street, Suite 400, Lexington, KY 40507-1671; United States Department of Veterans Affairs, 810 Vermont Avenue NW, Washington, DC 20420; R. James Nicholson, 810 Vermont Avenue NW, Washington, DC 20420; Gordon G. Mansfield, 810 Vermont Avenue NW, Washington, DC 20420.

MARC D. MEZIBOV (Ohio Bar No. 0019316)

15



**U.S. Department of Justice**

Civil Division
Federal Programs Branch
P.O. Box 883
Ben Franklin Station
Washington, D.C. 20044

Ori Lev                                    Tel: (202) 514-2395
Senior Trial Counsel                       Fax: (202) 616-8202

August 21, 2006

*FILED ELECTRONICALLY*
Honorable Eric. N. Vitaliano
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

        RE:    *Rosato, et al., v. Nicholson, et al.*, No. CV-06-03086 (ENV)(JMA)

Dear Judge Vitaliano:

      Defendants respectfully submit this letter to request a pre-motion conference in the above-referenced matter.  Defendants intend to move this Court pursuant to 28 U.S.C. § 1404 to transfer this case to the District Court for the District of Columbia.  In the alternative, Defendants will request a stay of proceedings pending a ruling on Defendants' Motion for Transfer and Coordination pursuant to 28 U.S.C. § 1407, filed on July 10, 2006, with the Judicial Panel on Multidistrict Litigation.  The motion will be made on the following grounds, among others:

      As has been widely reported in the press, a laptop and external hard drive containing personal information for approximately 26 million veterans and active duty personnel were stolen from the home of a VA employee on May 3, 2006.  On June 29, 2006, authorities announced the recovery of the stolen equipment, and the FBI has concluded with a high degree of confidence that the VA data was not accessed or compromised.  This case is one of at least three putative nationwide class action lawsuits that have been filed bringing Privacy Act and other claims against the VA based on the theft of the computer equipment.  The other two cases have been filed in the District for the District of Columbia, and in the Eastern District of Kentucky.  *See Vietnam Veterans of America v. Nicholson* (06-1038) (D.D.C.); *Hackett v. United States Department of Veterans Affairs* (06-114) (E.D. Ky.).  Defendants have moved to transfer the *Hackett* case to the District for the District of Columbia, and that motion is pending.

      These cases raise similar claims on behalf of an identical putative class based on the same underlying events.  In order to preserve judicial and party resources, to prevent duplicative and inconsistent orders and rulings, and to facilitate discovery, this case should be transferred to the District for the District of Columbia.  If this Court elects not to transfer this case, then the

case should be stayed pending a ruling on Defendants' Motion for Transfer and Coordination pursuant to 28 U.S.C. § 1407, filed on July 10, 2006, with the Judicial Panel on Multidistrict Litigation.

This Court possesses broad discretion to "transfer any civil action to any other district or division where it might have been brought" and it may do so "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a); *see also Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 27 (1988) (Section 1404(a) vests "discretion in the district court to adjudicate motions to transfer according to individualized, case-by-case consideration of convenience and fairness."). The purposes of 28 U.S.C. § 1404(a) are to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (citations omitted). Here, both public and private interests counsel strongly in favor of transferring this action to the District for the District of Columbia.

The three pending cases filed in response to the theft are all based on the same incident, all allege a breach of the Privacy Act, and all seek to represent the same class. Thus, each case will require the same potential discovery into the same facts, with testimony from the same witnesses, and the same potential discovery disputes. Additionally, each case will raise identical legal issues including the propriety of class certification, the interpretation of the Privacy Act, and the scope of remedy, if any. Thus, consolidation of these cases in a single venue will result in enormous savings to the resources of parties, witnesses, and the courts. Additionally, consolidation will prevent inconsistent legal rulings and inconsistent case management orders, both of which could prejudice the parties and undermine the systemic integrity of the judiciary

These substantial efficiencies and systemic integrity can only be realized fully if this case is transferred to the District of Columbia. This is because the other cases cannot be transferred to this District. In a Privacy Act case, venue is proper "in the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia." 5 U.S.C. § 552a(g)(5). Thus, for any Privacy Act suit brought based on the theft, venue will be proper in the District of Columbia, as it is a proper venue for all Privacy Act cases, and it is the location of the VA's agency records. Venue will not be proper in another district unless a named plaintiff in that particular suit lives or works in that district. Thus, the case pending in Kentucky (whose named plaintiffs are all non-New York residents) could not be transferred here. *See* 28 U.S.C. § 1404(a) (transfer is only permitted to a district where the action could have originally been brought).

In addition to the significant efficiency and the avoidance of duplicative and inconsistent rulings described above, additional factors support transfer of venue. Importantly, key witnesses and documentary evidence are in or near Washington, D.C., and the events that give rise to this litigation occurred in or near Washington, D.C.

In the event that this Court elects not to transfer this case, Defendants' intend to seek a stay of proceedings pending a ruling on Defendants' Motion for Transfer and Coordination

pursuant to 28 U.S.C. § 1407, filed with the Judicial Panel on Multidistrict Litigation, seeking transfer of all cases to a single court for coordinated pre-trial proceedings. That motion is scheduled for argument on September 28, 2006. Entering a short stay until the Panel issues its order on transfer and consolidation would unquestionably serve the interests of judicial efficiency and economy. The Panel was "established by Congress specifically to ameliorate . . . duplicative litigation and . . . waste of judicial resources." *Johnson v. AMR Corp.*, Nos. 95 C 7659 *et al.*, 1996 WL 164415, at *3 (N.D. Ill. Apr. 3, 1996); *see* 28 U.S.C. §1407 (transfer and consolidation is warranted to "promote the just and efficient conduct" of actions raising common questions of fact). In the absence of a stay, these benefits of multidistrict litigation would be lost. *See, e.g.*, *The Hertz Corp. v. The Gator Corp.*, 250 F. Supp. 2d 421, 428 (D.N.J. 2003). It would be a waste of judicial resources for this Court to "needlessly expend[] its energies familiarizing itself with the intricacies of a case that would be heard by another judge." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997).

Moreover, Defendants will be unduly and needlessly burdened if they are forced to file motions to dismiss, respond to any potential discovery, and reply to class certification and other motions separately in each of the three putative class actions now pending against them. *See, e.g.*, *Aikins v. Microsoft Corp.*, 2000 WL 310391, at *1 (E.D. La.) ("[Defendant] would suffer a considerable hardship and inequity if forced to simultaneously litigate multiple suits in multiple courts."). On the other hand, Plaintiffs will not be prejudiced by a stay of this nascent lawsuit. Defendants have not yet answered or otherwise responded to the complaint in this case or any of the other complaints that have been filed against them. No discovery has begun and "[b]arring unusual circumstances, the MDL Panel will decide the motion in a relatively short period of time." *Hertz*, 250 F. Supp. 2d at 425; *see also Portnoy v. Zenith Labs.*, 1987 WL 10236, at *1 (D.D.C.) ("The Court also finds that the delay that will result from this stay will be minimal.").

For the foregoing reasons, Defendants intend to move this Court to transfer this action pursuant to 28 U.S.C. § 1404, or in the alternative, to stay proceedings pending a ruling by the Judicial Panel on Multidistrict Litigation.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General
ROSLYNN R. MAUSKOPF
United States Attorney
ELIZABETH J. SHAPIRO
Assistant Branch Director
_____/s/_____
ORI LEV
Senior Trial Counsel
DAVID M. GLASS
Senior Trial Counsel
HEATHER R. PHILLIPS

Trial Attorney
*Counsel for Defendants*

4

# WEISS & LURIE

The Fred French Building
551 Fifth Avenue
New York, New York 10176
TEL (212) 682-3025
FAX (212) 682-3010

New York . Los Angeles

August 28, 2006

**ORIGINAL FILED BY ECF**

Honorable Eric N. Vitaliano
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

     Re:   *Rosato, et al., v. Nicholson, et al.*, CV 06-3086 (ENV) (JMA)

Dear Judge Vitaliano:

     Pursuant to Your Honor's individual rules and Defendants' letter dated August 21, 2006, advising of their intention to move for transfer of the case to the District of Columbia or, in the alternative, for a stay of the proceedings until resolution of Defendants' motion for transfer and coordination made to the Judicial Panel on Multidistrict Litigation, Plaintiffs respectfully respond as follows:

     Plaintiffs' choice of forum is clearly not vexatious nor meant to harass the Defendants, and judicial economy and efficiency do not require the transfer of this action under 28 U.S.C. § 1404(a). Although the statute permits courts to grant transfers "upon a lesser showing of inconvenience" than was required under the doctrine of forum non conveniens, the plaintiff's "choice of forum should only be disturbed" if the forum chosen is "completely and utterly outweighed by the severe inconvenience of the defendant." *Distefano v. Carozzi North America, Inc.*, 2002 U.S. Dist. LEXIS 23042 at *3, CV 98-7137(SJ) (E.D.N.Y. November 16, 2002) *(citing Norwood v. Kirkpatrick*, 349 U.S. 29, 32, (1955), and *Laumann Mfg. Corp. v. Castings USA, Inc.*, 913 F. Supp. 712, 721 (E.D.N.Y. 1996)). Simply put, courts in the Second Circuit "are loath to disturb a plaintiff's choice of venue absent a showing that the balance of convenience and justice weighs heavily in favor of transfer." *Distefano*, 2002 U.S. Dist. LEXIS 23042 at *3. The relevant criteria here, *see Schwartz v. Marriott Hotel Servs., Inc.*, 186 F. Supp. 2d 245, 248 (E.D.N.Y. 1994), dictate that transfer would be inappropriate.

     First, the convenience of the witnesses – a primary factor to be considered in this inquiry – favors retention of this case in New York. Defendants' only arguments on this score are that unidentified "key witnesses and documentary evidence are in or near Washington, D.C." However, that is insufficient to tip the balance in favor of transfer since the witnesses that Defendants would seek to call are or were presumably all employed by the Department of Veterans Affairs and, therefore, can be compelled to testify in this Court by virtue of the employment relationship with Defendants. *Distefano*, 2002 U.S. Dist. LEXIS 23042 at *8 ("The

WEISS & LURIE

Honorable Eric N. Vitaliano
United States District Judge
August 28, 2006
Page 2 of 3

employees of the parties will as a practical matter be available in any venue by virtue of the
employment relationship.") (*citing Merkur v. Wyndham Int'l Inc.*, 2001 WL 477268 at *4, CV
00-5843 (E.D.N.Y. March 30, 2001)). Similarly, Defendants' reliance upon the location of
critical documents or other evidence is also deprived of both legal and practical weight by virtue
of the modern photocopying and document handling technologies that would be employed in this
case, just as they are employed in virtually every other case filed in the courts of this country.
*Distefano*, 2002 U.S. Dist. LEXIS 23042 at *11-*12.

Second, the convenience of the parties factor also favors retention of this case in New
York. Although Defendants claim that they would suffer an unquantified and unqualified
hardship if forced to litigate in New York, they ignore the fact that the hardship upon Plaintiffs
would be real, not merely conceptual, and significantly worse. The Defendants are governmental
entities of unlimited resources capable of defending their interests anywhere. Plaintiffs, on the
other hand, are individuals of limited resources that have combined whatever resources are at
their disposal to pursue their claims in this jurisdiction, which presents them with the least
hardship. Thus, this factor also militates against transfer.

Third, the locus of operative facts inquiry, part of which Defendants may correctly claim
is in Washington, D.C., also encompasses New York -- where Plaintiff Rosato was actually
injured. *See Distefano*, 2002 U.S. Dist. LEXIS 23042 at *11 (relying upon the Second Circuit's
prior finding in that case that the "situs of injury" is where the plaintiff was injured). Thus,
Defendants cannot clearly establish that the locus of operative facts is solely in Washington,
further militating against transfer of the action.

Finally, Defendants' alternative request that the case be stayed pending resolution of their
motion to the Judicial Panel on Multidistrict Litigation also lacks merit. The goals of judicial
efficiency and economy are served – not hindered – by the resolution of claims in a reasonably
expeditious manner. In fact, that is precisely why J.P.M.L. R. 1.5 provides that the pendency of a
motion before the panel "does not affect or suspend orders and pretrial proceedings in the district
court in which the action is pending and does not in any way limit the pretrial jurisdiction of that
court." *See United States ex rel. Cosens v. St. Francis Hosp.*, 241 F. Supp. 2d 223, 225
(E.D.N.Y. 2002); *Albert Fadem Trust v. WorldCom, Inc.*, 2002 U.S. Dist. LEXIS 12572 at *7,
CV 02-3288 (S.D.N.Y. July 12, 2002). The indefinite stay that Defendants now seek, does not
satisfy the efficiency and economic expectations of quick resolution. Moreover, Defendants fail
to even address why the Panel's own rules against staying litigation in matters that are before it
should not be adhered to. The claimed general systemic deficiencies of inconsistent resolutions
or the multiplicity of proceedings are no more or less likely to occur prior to the resolution of the
motion pending before the Panel as they are likely to occur after the Panel rules. Finally, a stay is
improper because it would visit prejudice upon Plaintiffs since the recollections of potential
witnesses will fade and the ability to retrieve essential evidence can be lost through the passage

**WEISS & LURIE**

Honorable Eric N. Vitaliano
United States District Judge
August 28, 2006
Page 3 of 3

of idle time. In sum, a stay would unjustifiably prolong this litigation and increase both its cost and the burden on the Court

    For the foregoing reasons, among others, Plaintiffs intend to vigorously oppose Defendants' intended motion to transfer or stay this case, should such a motion be made.

Respectfully yours,

Mark D. Smilow

cc:    Ori Lev, Esq. (via email)



**U.S. Department of Justice**

Civil Division
Federal Programs Branch
P.O. Box 883
Ben Franklin Station
Washington, D.C. 20044

---

Ori Lev                                      Tel: (202) 514-2395
Senior Trial Counsel                         Fax: (202) 318-7589

September 18, 2006

*VIA FACSIMILE*
Honorable Eric N. Vitaliano
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

          RE:     *Rosato, et al., v. Nicholson, et al.*, No. CV-06-03086 (ENV)(JMA)

Dear Judge Vitaliano:

      On August 21, 2006, Defendants informed the Court that Defendants intend to move to transfer the above-referenced case pursuant to 28 U.S.C. § 1404, or, in the alternative, to stay all proceedings in this case pending a ruling by the Judicial Panel on Multidistrict Litigation ("JPML") on Defendants' Motion for Transfer and Coordination of this and other cases pursuant to 28 U.S.C. § 1407, which was filed before the JPML on July 10, 2006. Your Honor has scheduled a pre-motion conference in this case for Thursday, September 28. For the reasons stated below, and with the consent of Plaintiffs' counsel, I request (i) advancement of the pre-motion conference and (ii) that Your Honor "So Order" the attached Stipulation extending Defendants' time to respond to the Complaint.

      The JPML has scheduled a hearing with oral argument on the motion previously made to that panel for the morning of Thursday, September 28 in Santa Ana, California. In addition to this scheduling conflict, the transfer motion Defendants intend to file in this case is directly related to the motion pending before the JPML. Accordingly, if Your Honor's schedule permits, I respectfully request that the pre-motion hearing in this case be rescheduled to a date and time prior to the JPML hearing scheduled for September 28. As noted above, Plaintiffs' counsel does not oppose this request, and we have jointly identified the following dates and times when both Plaintiffs' counsel and I (or a colleague) are available to appear for a pre-motion conference in this case: Wednesday, September 20; Friday, September 22; or the morning of Tuesday, September 26. In the event that the Court is unable to accommodate these alternate dates, both Plaintiffs' counsel and I are prepared to appear on September 28 (i.e., we are not asking to adjourn the hearing to a later date).

The Hon. Eric N. Vitaliano
September 18, 2006
Page 2
_____

Finally, I respectfully request that the Court "So Order" the attached, executed stipulation extending the response date for Defendants until after resolution of the transfer/stay issue in this Court.

Thank you in advance for your attention to this matter.

Respectfully submitted,

Ori Lev
*Counsel for Defendants*

cc:    Mark D. Smilow

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

_____

MICHAEL ROSATO, et al.,         )

           )

        Plaintiffs,     )

           )

        v.        )     No. 1:06-cv-3086-ENV-JMA

           )

R. JAMES NICHOLSON, in his official   )

capacity as Secretary of Veterans Affairs, et al.,  )

           )

        Defendants.   )

_____)

### STIPULATION AND [PROPOSED] ORDER EXTENDING DEFENDANTS' TIME TO ANSWER OR OTHERWISE RESPOND TO THE COMPLAINT

WHEREAS a pre-motion letter and response thereto have been filed in connection with Defendants' intent to file a motion to transfer this case pursuant to 28 U.S.C. § 1404, or, alternatively, to stay all proceedings pending a ruling by the Judicial Panel on Multidistrict Litigation ("JPML") on Defendants' Motion for Transfer and Coordination pursuant to 28 U.S.C. § 1407 filed before the JPML on July 10, 2006;

WHEREAS the Court scheduled a pre-motion conference for September 28, 2006;

WHEREAS Defendants' response to the Complaint is currently due September 19, 2006; and

WHEREAS Defendants have not previously sought an extension of time to respond to the Complaint;

The parties hereby stipulate and agree as follows:

1.     Defendants' time to respond to the Complaint shall be stayed pending the Court's ruling upon or other disposition of the transfer/stay motion that Defendants intend to file in this Court, and Defendants' response to the Complaint shall be due ten days after such ruling or

disposition in the event that the case is not transferred or stayed.

Dated: September 18, 2006

| | PETER D. KEISLER |
| | Assistant Attorney General |
| /s/ Mark Smilow (by permission) | |
| Mark D. Smilow (MS 2809) | ROSLYNN R. MAUSKOPF |
| WEISS & LURIE | United States Attorney |
| 551 Fifth Avenue | |
| Suite 1600 | ELIZABETH J. SHAPIRO |
| New York, NY 10176 | Assistant Branch Director |
| (212) 682-3025 | |
| Fax: (212) 682-3010 | |
| *Attorneys for Plaintiffs* | /s/ Ori Lev |
| | ORI LEV |
| | DAVID M. GLASS |
| | HEATHER R. PHILLIPS |
| | Attorneys |
| | U.S. Department of Justice |
| | Civil Division/Federal Programs Branch |
| | P.O. Box 883 |
| | Washington, D.C. 20044 |
| | (202) 514-2395 |
| | Fax: (202) 318-7589 |
| | *Attorneys for Defendants* |

**SO ORDERED.**

Dated: _____     _____
                            ERIC N. VITALIANO
                            United States District Judge

2

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

MICHAEL ROSATO, et al.,                )
                                        )
                Plaintiffs,             )
                                        )
        v.                              )       No. 1:06-cv-3086-ENV-JMA
                                        )
R. JAMES NICHOLSON, in his official     )
capacity as Secretary of Veterans Affairs, et al.,  )
                                        )
                Defendants.             )
                                        )

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★    SEP 2 2    ★

P.M.
TIME A.M.

## STIPULATION AND [PROPOSED] ORDER EXTENDING DEFENDANTS'
## TIME TO ANSWER OR OTHERWISE RESPOND TO THE COMPLAINT

WHEREAS a pre-motion letter and response thereto have been filed in connection with

Defendants' intent to file a motion to transfer this case pursuant to 28 U.S.C. § 1404, or,

alternatively, to stay all proceedings pending a ruling by the Judicial Panel on Multidistrict

Litigation ("JPML") on Defendants' Motion for Transfer and Coordination pursuant to 28 U.S.C.

§ 1407 filed before the JPML on July 10, 2006;

WHEREAS the Court scheduled a pre-motion conference for September 28, 2006;

WHEREAS Defendants' response to the Complaint is currently due September 19, 2006;

and

WHEREAS Defendants have not previously sought an extension of time to respond to the

Complaint;

The parties hereby stipulate and agree as follows:

1.      Defendants' time to respond to the Complaint shall be stayed pending the Court's

ruling upon or other disposition of the transfer/stay motion that Defendants intend to file in this

Court, and Defendants' response to the Complaint shall be due ten days after such ruling or

disposition in the event that the case is not transferred or stayed.

Dated: September 18, 2006

| | PETER D. KEISLER |
| --- | --- |
| | Assistant Attorney General |

/s/ Mark Smilow (by permission)
Mark D. Smilow (MS 2809)
WEISS & LURIE                            ROSLYNN R. MAUSKOPF
551 Fifth Avenue                         United States Attorney
Suite 1600
New York, NY 10176                       ELIZABETH J. SHAPIRO
(212) 682-3025                           Assistant Branch Director
Fax: (212) 682-3010
*Attorneys for Plaintiffs*                 /s/ Ori Lev
                                         ORI LEV
                                         DAVID M. GLASS
                                         HEATHER R. PHILLIPS
                                         Attorneys
                                         U.S. Department of Justice
                                         Civil Division/Federal Programs Branch
                                         P.O. Box 883
                                         Washington, D.C. 20044
                                         (202) 514-2395
                                         Fax: (202) 318-7589
                                         *Attorneys for Defendants*

**SO ORDERED.**

Dated: SEP 2 0 2006
_____

_____
ERIC N. VITALIANO
United States District Judge

2

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

_____

|  |  |
|---|---|
| ROSATO, et al., | ) |
|  | ) |
| Plaintiffs, | ) |
|  | ) |
| v. | ) |
|  | ) |
| NICHOLSON, et al., | ) |
|  | ) |
| Defendants. | ) |

_____

Civil Action No. 06-3086 (ENV)

## NOTICE OF ATTORNEY APPEARANCE

The Clerk of the Court will please enter the appearances of Heather Phillips, Trial Attorney for the Department of Justice, as counsel of record for the defendant in the above-captioned case.

Respectfully submitted,

__/s/_____
Heather Phillips
Trial Attorney
Department of Justice
Federal Programs Branch
20 Massachusetts Ave, N.W., Room 7222
(202) 616-0679



**U.S. Department of Justice**

Civil Division
Federal Programs Branch
P.O. Box 883
Ben Franklin Station
Washington, D.C.  20044

---

Ori Lev                                    Tel: (202) 514-2395
Senior Trial Counsel                       Fax: (202) 616-8202

October 13, 2006

<u>*FILED ELECTRONICALLY*</u>
Honorable Eric. N. Vitaliano
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

RE:    <u>*Rosato, et al., v. Nicholson, et al.*</u>, No. CV-06-03086 (ENV)(JMA)

Dear Judge Vitaliano:

As discussed at the September 26, 2006 pre-motion hearing, and as further noted in the Court's September 26, 2006 Minute Entry, the parties have agreed upon, and request approval of, the following briefing schedule for defendants' motion to transfer venue pursuant to 28 U.S.C. § 1404:

*Defendants will serve plaintiffs with defendants' motion to transfer on or before November 17, 2006.

*Plaintiffs will serve defendants with plaintiffs' opposition to the motion to transfer on or before December 15, 2006.

*Defendants will serve plaintiffs with defendants' reply on or before December 29, 2006, and that same date will, as required by the Court's individual motion practice and rules, file a full set of the motion papers with the Court.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General
ROSLYNN R. MAUSKOPF
United States Attorney
ELIZABETH J. SHAPIRO
Assistant Branch Director

_____/s/_____

MARK D. SMILOW
Weiss & Lurie
The French Building
551 Fifth Avenue, Suite 1600
New York, New York 10176
*Counsel for Plaintiffs*

_____/s/_____

ORI LEV
Senior Trial Counsel
DAVID M. GLASS
Senior Trial Counsel
HEATHER R. PHILLIPS
Trial Attorney
*Counsel for Defendants*



**U.S. Department of Justice**

Civil Division
Federal Programs Branch
P.O. Box 883
Ben Franklin Station
Washington, D.C. 20044

---

Ori Lev                                Tel: (202) 514-2395
Senior Trial Counsel                   Fax: (202) 616-8202

October 16, 2006

*FILED ELECTRONICALLY*

Magistrate Judge Joan M. Azrack
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        RE:     *Rosato, et al., v. Nicholson, et al.*, No. CV-06-03086 (ENV)(JMA)

Dear Magistrate Judge Azrack:

      The above-captioned matter is a putative class action involving millions of potential plaintiffs alleging Privacy Act and other violations stemming from the theft of a laptop from the home of a Department of Veterans Affairs employee in April of 2006. Two additional – virtually identical – putative class actions have been brought by different named plaintiffs in the Eastern District of Kentucky and the District for the District of Columbia.

      On June 23, 2006, the Court issued an Order setting an initial conference in this matter for October 24, 2006. Subsequently, on July 10, 2006, defendants filed a motion pursuant to 28 U.S.C. § 1407 with the Judicial Panel on Multidistrict Litigation ("JPML") requesting a transfer of this case (as well as the case filed in the Eastern District of Kentucky) to the District Court for the District of Columbia. A hearing on defendants' § 1407 transfer motion was held before the JPML on September 28, 2006. The JPML has not yet ruled on defendants' motion. In addition, in the event that the JPML does not grant defendants' § 1407 transfer motion, defendants requested leave of the Court to file a transfer motion pursuant to 28 U.S.C. § 1404. The Court granted defendants leave to file a § 1404 transfer motion, and on October 13, 2006, counsel for plaintiffs and defendants filed a joint briefing schedule with the Court, with briefing to be concluded by December 29, 2006. Finally, on September 18, 2006, plaintiffs and defendants entered into a Stipulation staying defendants' obligation to answer or otherwise respond to plaintiffs' complaint until ten days after the Court's ruling on defendants' § 1404 transfer motion.

      In light of the pending § 1407 transfer motion and the forthcoming § 1404 transfer motion, and given that defendants have not yet answered the complaint, and have no obligation to do so until the Court has ruled on defendants' proposed § 1404 transfer motion, defendants

1

The Hon. Joan M. Azrack
October 16, 2006
Page 2
_____

request that the Court adjourn the initial conference set for October 24, 2006, until after defendants' transfer motions have been decided.  Counsel for plaintiffs informed counsel for defendants that he opposes defendants' request for adjournment of the initial conference.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General
ROSLYNN R. MAUSKOPF
United States Attorney
ELIZABETH J. SHAPIRO
Assistant Branch Director

_____/s/_____
ORI LEV
Senior Trial Counsel
DAVID M. GLASS
Senior Trial Counsel
HEATHER R. PHILLIPS
Trial Attorney
*Counsel for Defendants*

# WEISS & LURIE

The Fred French Building
551 Fifth Avenue
New York, New York 10176
TEL (212) 682-3025
FAX (212) 682-3010

New York   Los Angeles

October 17, 2006

**FILED ELECTRONICALLY**

Magistrate Judge Joan M. Azrack
Eastern District of New York
225 Cadman Plaza East - Room 1210S
Brooklyn, New York 11201

Re: *Rosato, et al., v. Nicholson, et al.*, No. CV-06-03086 (ENV)(JMA)

Dear Magistrate Judge Azrack:

We represent the plaintiffs in the captioned matter and write to respond to the government's request for an indefinite extension of Your Honor's previously scheduled initial conference in this matter. We are generally not adverse to consenting to reasonable extensions or adjournments to accommodate any counsel's scheduling conflicts. However, we are opposed to such requests when they are calculated to impede the orderly prosecution of the case, indefinitely delay the discovery process, and prejudice our clients' rights.

By way of background, after this matter was initially filed on June 21, 2006, we set out to serve each of the named defendants with process. Although we received return receipts from the Post Office for each of the defendants by no later than July 11, 2006, it took until August 14, 2006, before the government acknowledged that it had misplaced the service copies and consented to the fact that it was validly served. Thereafter, the government has rebuffed our attempts to discuss a discovery plan so that we could get on with the prosecution of the matter.

To be sure, the government has filed a motion with the Judicial Panel on Multidistrict Litigation ("JPML") seeking the transfer of the action and, separately, sought a conference with Judge Vitaliano to obtain leave to make a separate motion to transfer in this case. But the fact is that Rule 1.5 of the JPML provides that the pendency of a motion before the Panel ***"does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court"*** (emphasis added). In addition, we believe that the motion to transfer that the government seeks to make in this case is of dubious merit, for the reasons set forth in our letter to Judge Vitaliano dated August 28, 2006 – see Docket No. 5.

WEISS & LURIE

Magistrate Judge Joan M. Azrack
October 17, 2006
Page 2

     In sum, the government has sought to hide behind procedural motions and refuses to talk about the very discovery matters that could bring this case closer to resolution, whichever district it is eventually assigned to. We respectfully submit that the proper method to advance this litigation is to work out a schedule of discovery that accommodates *all* of the parties to the litigation. We believe that an initial conference will aid in this process and will not prejudice the defendants in any way. Accordingly, we respectfully request that the conference presently scheduled for October 24 not be adjourned.

Respectfully submitted,

Mark D. Smilow

MDS/pjm

cc:    Joseph H. Weiss, Esq.
        Ori Lev, Esq. (via email)



**U.S. Department of Justice**

Civil Division
Federal Programs Branch
P.O. Box 883
Ben Franklin Station
Washington, D.C. 20044

Ori Lev
Senior Trial Counsel

Tel: (202) 514-2395
Fax: (202) 616-8202

**Application Granted**

**SO ORDERED**

**Brooklyn, New York**

**Dated:** NOV 13 2006

October

FILED ELECTRONICALLY

Honorable Eric. N. Vitaliano
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Eric N. ...
**United States District Judge**

RE: <u>*Rosato, et al., v. Nicholson, et al.,* No. CV-06-03036 (ENV)(JMA)</u>

Dear Judge Vitaliano:

As discussed at the September 26, 2006 pre-motion hearing, and as further noted in the Court's September 26, 2006 Minute Entry, the parties have agreed upon, and request approval of, the following briefing schedule for defendants' motion to transfer venue pursuant to 28 U.S.C. § 1404:

*Defendants will serve plaintiffs with defendants' motion to transfer on or before November 17, 2006.

*Plaintiffs will serve defendants with plaintiffs' opposition to the motion to transfer on or before December 15, 2006.

*Defendants will serve plaintiffs with defendants' reply on or before December 29, 2006, and that same date will, as required by the Court's individual motion practice and rules, file a full set of the motion papers with the Court.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General
ROSLYNN R. MAUSKOPF
United States Attorney
ELIZABETH J. SHAPIRO
Assistant Branch Director

_____/s/_____                    _____/s/_____
MARK D. SMILOW                               ORI LEV
Weiss & Lurie                                Senior Trial Counsel
The French Building                          DAVID M. GLASS
551 Fifth Avenue, Suite 1600                 Senior Trial Counsel
New York, New York 10176                     HEATHER R. PHILLIPS
*Counsel for Plaintiffs*                     Trial Attorney
                                             *Counsel for Defendants*





**U.S. Department of Justice**
Civil Division
Federal Programs Branch
P.O. Box 883
Ben Franklin Station
Washington, D.C. 20044

Ori Lev
Senior Trial Counsel

Tel: (202) 514-2395
Fax: (202) 616-8202

October 16, 2006

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★                        ★

TIME A.M. ___ P.M. ___

*FILED ELECTRONICALLY*
Magistrate Judge Joan M. Azrack
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

RE:    *Rosato, et al., v. Nicholson, et al.*, No. CV-06-03086 (ENV)(JMA)

Dear Magistrate Judge Azrack:

The above-captioned matter is a putative class action involving millions of potential plaintiffs alleging Privacy Act and other violations stemming from the theft of a laptop from the home of a Department of Veterans Affairs employee in April of 2006. Two additional – virtually identical – putative class actions have been brought by different named plaintiffs in the Eastern District of Kentucky and the District for the District of Columbia.

On June 23, 2006, the Court issued an Order setting an initial conference in this matter for October 24, 2006. Subsequently, on July 10, 2006, defendants filed a motion pursuant to 28 U.S.C. § 1407 with the Judicial Panel on Multidistrict Litigation ("JPML") requesting a transfer of this case (as well as the case filed in the Eastern District of Kentucky) to the District Court for the District of Columbia. A hearing on defendants' § 1407 transfer motion was held before the JPML on September 28, 2006. The JPML has not yet ruled on defendants' motion. In addition, in the event that the JPML does not grant defendants' § 1407 transfer motion, defendants requested leave of the Court to file a transfer motion pursuant to 28 U.S.C. § 1404. The Court granted defendants leave to file a § 1404 transfer motion, and on October 13, 2006, counsel for plaintiffs and defendants filed a joint briefing schedule with the Court, with briefing to be concluded by December 29, 2006. Finally, on September 18, 2006, plaintiffs and defendants entered into a Stipulation staying defendants' obligation to answer or otherwise respond to plaintiffs' complaint until ten days after the Court's ruling on defendants' § 1404 transfer motion.

In light of the pending § 1407 transfer motion and the forthcoming § 1404 transfer motion, and given that defendants have not yet answered the complaint, and have no obligation to do so until the Court has ruled on defendants' proposed § 1404 transfer motion, defendants

1

The Hon. Joan M. Azrack
October 16, 2006
Page 2

request that the Court adjourn the initial conference set for October 24, 2006, until after
defendants' transfer motions have been decided. Counsel for plaintiffs informed counsel for
defendants that he opposes defendants' request for adjournment of the initial conference.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General
ROSLYNN R. MAUSKOPF
United States Attorney
ELIZABETH J. SHAPIRO
Assistant Branch Director

_____/s/_____
ORI LEV
Senior Trial Counsel
DAVID M. GLASS
Senior Trial Counsel
HEATHER R. PHILLIPS
Trial Attorney
*Counsel for Defendants*

cc:
Mark D. Smilow
Fax: 212-682-3010

*Application granted.*
*Counsel to notify court*
*of decision on motion to*
*transfer*

2

USMJ        10/18/06

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ NOV - 6 2006 ★
BROOKLYN OFFICE

# UNITED STATES OF AMERICA
## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge Wm. Terrell Hodges
United States District Court
Middle District of Florida

**MEMBERS:**
Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

Judge Anthony J. Scirica
United States Court of Appeals
Third Circuit

**DIRECT REPLY TO:**

Jeffery N. Lüthi
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:        [202] 502-2888

http://www.jpml.uscourts.gov

November 3, 2006

Nancy Mayer-Whittington, Clerk
1834 E. Barrett Prettyman U.S. Courthouse
333 Constitution Avenue, N.W.
Washington, DC 20001-2802



Re: MDL-1796 -- In re Department of Veterans Affairs (VA) Data Theft Litigation

*Vietnam Veterans of America, Inc., et al. v. R. James Nicholson, et al.*, D. District of Columbia,
    C.A. No. 1:06-1038
*Paul Hackett, et al. v. United States Department of Veterans Affairs, et al.*, E.D. Kentucky,
    C.A. No. 2:06-114
*Michael Rosato, et al. v. R. James Nicholson, et al.*, E.D. New York, C.A. No. 1:06-3086 ( ENV )

Dear Ms. Mayer-Whittington:

I am enclosing a certified copy and one additional copy of a transfer order filed today by the Panel in the above-captioned matter. The order is directed to you for filing.

The Panel's governing statute, 28 U.S.C. §1407, requires that the transferee clerk "...transmit a certified copy of the Panel's order to transfer to the clerk of the district court from which the action is being transferred."

A copy of Rule 1.6 of the <u>Rules of Procedure of the Judicial Panel on Multidistrict Litigation</u>, 199 F.R.D. 425, 428 (2001), which deals specifically with the transfer of files, is enclosed for your convenience. Also enclosed are a complete set of the Panel <u>Rules</u> and a copy of Chapter 7 of Volume 4 of the <u>Clerks Manual, United States District Courts</u>.

The Panel Clerk's Office maintains the only statistical accounting of multidistrict litigation traffic in the federal courts. These statistics are used by the Administrative Office of the United States Courts and the Judicial Conference. Therefore, your cooperation in keeping the Panel advised of the progress of this litigation would be appreciated. We are particularly interested in receiving the docket numbers assigned to each transferred action by your court; the caption and docket numbers of all actions originally filed in your district; and copies of orders regarding appointment of liaison counsel, settlements, dismissals, state court remands, and reassignments to other judges in your district.

- 2 -

Your attention is also directed to Panel Rule 7.6, regarding termination and remand of transferred actions. Upon notification from your court of a finding by the transferee judge that Section 1407 remand of a transferred action is appropriate, this office will promptly file a conditional remand order.

For your information, I am enclosing a copy of the Panel Attorney Service List.

Very truly,

Jeffery N. Lüthi
Clerk of the Panel

By

Mecca S. Carter
Deputy Clerk

Enclosures

cc w/all enclosures (Chapter 7 of Volume 4 of the Clerks Manual, U.S. District Courts, Rule 1.6, R.P.J.P.M.L., transfer order, Panel Attorney Service List, and complete Panel Rules):

        Transferee Judge: Judge James Robertson

cc w/order only:    Transferee Chief Judge: Judge Thomas F. Hogan

cc w/order and Rule 1.6, R.P.J.P.M.L.:

        Transferor Clerk(s): Leslie G. Whitmer
                          Robert C. Heinemann

        Transferor Judge(s): Judge William O. Bertelsman
                          Judge Eric N. Vitaliano

JPML Form 33

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV - 3 2006

FILED
CLERK'S OFFICE

*RELEASED FOR PUBLICATION*

## DOCKET NO. 1796

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE DEPARTMENT OF VETERANS AFFAIRS (VA) DATA THEFT LITIGATION

*Vietnam Veterans of America, Inc., et al. v. R. James Nicholson, et al.,* D. District of Columbia, C.A. No. 1:06-1038
*Paul Hackett, et al. v. United States Department of Veterans Affairs, et al.,* E.D. Kentucky C.A. No. 2:06-114
*Michael Rosato, et al. v. R. James Nicholson, et al.,* E.D. New York, C.A. No. 1:06-3086

## BEFORE WM. TERRELL HODGES, CHAIRMAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN AND ANTHONY J. SCIRICA, JUDGES OF THE PANEL

### TRANSFER ORDER

This litigation currently consists of one action each in the District of District of Columbia, the Eastern District of Kentucky, and the Eastern District of New York. Defendants[1] move the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing this litigation in the District of District of Columbia. Plaintiffs in the District of District of Columbia action support defendants' motion. Plaintiffs in the Eastern District of Kentucky action and the Eastern District of New York action oppose the motion and, alternatively, support transfer to the Eastern District of Kentucky.

On the basis of the papers filed and hearing session held, the Panel finds that these three actions involve common questions of fact, and that centralization under Section 1407 in the District of District of Columbia will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions are putative nationwide class actions that share allegations concerning a May 3, 2006, theft of a laptop computer and external hard drive from the home of an employee of the VA. The computer, and/or accompanying external hard drive, contained the names, dates of birth, and social security numbers of approximately 26 million veterans and active duty military personnel. Plaintiffs bring, inter alia, claims under the Privacy Act, 5 U.S.C. § 552a, against defendants. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

---

[1] The motion is made on behalf of defendants Department of Veterans Affairs (VA), VA Secretary R. James Nicholson, Deputy Secretary Gordon G. Mansfield, and VA employee John Doe, in their official capacities only.

- 2 -

Plaintiffs argue in opposition to Section 1407 centralization that there are a minimal number of actions involved and that alternatives to centralization, such as transfer under the "first to file" rule, are preferable to Section 1407 centralization. We disagree. Transfer under Section 1407 will offer the benefit of placing all actions in this docket before a single judge who can structure pretrial proceedings to accommodate all parties' legitimate discovery needs while ensuring that the common parties and witnesses are not subjected to discovery demands that duplicate activity that will or has occurred in other actions. Discovery with respect to any case-specific issues can also proceed concurrently with discovery on common issues. *In re Joseph F. Smith Patent Litigation*, 407 F.Supp. 1403, 1404 (J.P.M.L. 1976).

We are persuaded that the District of District of Columbia is a preferable transferee forum for this litigation. The District of District of Columbia is where likely relevant documents and witnesses may be found, inasmuch as many of the defendants are located in this district and the theft occurred in the Washington, D.C., metropolitan area.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions pending outside the District of District of Columbia are transferred to the District of District of Columbia and, with the consent of that court, assigned to the Honorable James Robertson for coordinated or consolidated pretrial proceedings with the action already pending in that district.

FOR THE PANEL:

_____

Wm. Terrell Hodges
Chairman

## RULE 1.6:    TRANSFER OF FILES

(a)    Upon receipt of a certified copy of a transfer order from the clerk of the transferee district court, the clerk of the transferor district court shall forward to the clerk of the transferee district court the complete original file and a certified copy of the docket sheet for each transferred action.

(b)    If an appeal is pending, or a notice of appeal has been filed, or leave to appeal has been sought under 28 U.S.C. §1292(b) or a petition for an extraordinary writ is pending, in any action included in an order of transfer under 28 U.S.C. §1407, and the original file or parts thereof have been forwarded to the court of appeals, the clerk of the transferor district court shall notify the clerk of the court of appeals of the order of transfer and secure the original file long enough to prepare and transmit to the clerk of the transferee district court a certified copy of all papers contained in the original file and a certified copy of the docket sheet.

(c)    If the transfer order provides for the separation and simultaneous remand of any claim, cross-claim, counterclaim, or third-party claim, the clerk of the transferor district court shall retain the original file and shall prepare and transmit to the clerk of the transferee district court a certified copy of the docket sheet and copies of all papers except those relating exclusively to separated and remanded claims.

(d)    Upon receipt of an order to remand from the Clerk of the Panel, the transferee district court shall prepare and send to the clerk of the transferor district court the following:

(i)     a certified copy of the individual docket sheet for each action being remanded;

(ii)    a certified copy of the master docket sheet, if applicable;

(iii)   the entire file for each action being remanded, as originally received from the transferor district court and augmented as set out in this rule;

(iv)    a certified copy of the final pretrial order, if applicable; and

(v)     a "record on remand" to be composed of those parts of the files and records produced during coordinated or consolidated pretrial proceedings which have been stipulated to or designated by counsel as being necessary for any or all proceedings to be conducted following remand.  It shall be the responsibility of counsel originally preparing or filing any document to be included in the "record on remand" to furnish on request sufficient copies to the clerk of the transferee district court.

(e)    The Clerk of the Panel shall be notified when any files have been transmitted pursuant to this Rule.